**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **CHICAGO & VICINITY LABORERS' DISTRICT COUNCIL PENSION FUND, CHICAGO & VICINITY LABORERS' DISTRICT COUNCIL WELFARE FUND, CHICAGO & VICINITY LABORERS' DISTRICT COUNCIL RETIREE HEALTH AND WELFARE FUND, and CATHERINE WENSKUS, not individually but as Administrator of the Funds,** | ) | |
| **Plaintiffs,** | ) | **Case No. 25-cv-2262** |
| **v.** | ) | **Judge: Valderrama** |
| **JOY'S UNION CLEAN UP SERVICES, LLC, an Illinois limited liability corporation, JOY'S CLEANING SERVICES LLC, an Illinois limited liability corporation, and ARMANDO CALDERON, individually,** | ) | |
| **Defendants.** | ) | |

**MOTION TO COMPEL**

NOW COME, Plaintiffs' Chicago & Vicinity Laborers' District Council Pension Fund, Laborers' Welfare Fund of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity, the Chicago Laborers District Council Retiree Health and Welfare Fund, and Catherine Wenskus, not individually, but as Administrator of the Funds, (herein after referred to as the "Funds,"), by their attorney, Patrick T. Wallace, and hereby submit the Funds' Motion to Compel. In support of this Motion, Plaintiffs state as follows:

1. On June 4, 2025, the Funds issued written discovery on Joy's Union Clean Up

Services, LLC and Joy's Cleaning Services, LLC (hereinafter "Defendants"). True and accurate copies are attached hereto as Exhibits A-D.

2. Defendants have not answered the discovery requests which are now overdue.

3. After the discovery requests were issued, the parties discussed having Defendants submit their books and records to an audit to inform settlement discussions and obviate the need to engage in formal discovery. The audit was commenced but Defendants have not provided sufficient records to complete the audit. In accordance with Local Rule 37.2, Plaintiffs' counsel advised Defendants' counsel via email on July 10, 2025 that he would file a motion to compel answers to Plaintiffs' discovery requests if Defendants did not fully submit the records necessary to complete the audit by July 18, 2025. The records were not fully produced by July 18, 2025, but counsel conferred, and Defendants' counsel advised that his client had been delayed in uploading additional documents due to personal reasons, so Plaintiffs' counsel advised that he would afford Defendants additional time. Counsel spoke again in accordance with Local Rule 37.2 on Friday, July 25, 2025, and Plaintiffs' counsel advised Defendants' counsel that sufficient records had still not been produced. Counsel agreed to permit Defendants one last opportunity to upload the necessary documents over the weekend. At 5 p.m. on Monday, July 28, Plaintiffs' auditor advised that no additional documents were uploaded. In accordance with Local Rule 37.2, Plaintiffs' counsel left voicemail messages to Defendants' counsel on Monday, July 28th and again on the morning of Tuesday, July 29th advising that he was proceeding with the Motion to Compel.

4. Plaintiffs respectfully request that Defendants be ordered to answer Plaintiffs' discovery requests within ten (10) days. Plaintiffs further respectfully request that they be awarded their attorneys' fees and costs in presenting this motion.

WHEREFORE, Plaintiffs respectfully request that Defendants be ordered to answer Plaintiffs' discovery requests within ten (10) days. Plaintiffs further respectfully request that they be awarded their attorneys' fees and costs in presenting this motion.

Respectfully submitted,

July 29, 2025

Laborers' Pension Fund, et al.

By: *<u>/s/ Patrick T. Wallace</u>*

Office of Fund Counsel
111 West Jackson Boulevard
Suite 1415
Chicago, IL 60604
(312) 692-1540

**CERTIFICATE OF SERVICE**

The undersigned certifies that he caused a copy of the foregoing Motion to Compel to be served upon the following person via the Court's electronic notification system this 29th day of July, 2025.

Todd A. Miller
Kathleen C. Cahill
Allocco, Miller & Cahill, P.C.
20 N. Wacker Drive, Suite 3517
Chicago, IL 60606

/s/ Patrick T. Wallace

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **CHICAGO & VICINITY LABORERS' DISTRICT COUNCIL PENSION FUND, CHICAGO & VICINITY LABORERS' DISTRICT COUNCIL WELFARE FUND, CHICAGO & VICINITY LABORERS' DISTRICT COUNCIL RETIREE HEALTH AND WELFARE FUND, and CATHERINE WENSKUS, not individually but as Administrator of the Funds,** | ) | |
| **Plaintiffs,** | ) | |
| | ) | **Case No. 25-cv-2262** |
| **v.** | ) | |
| | ) | **Judge Valderrama** |
| **JOY'S UNION CLEAN UP SERVICES, LLC, an Illinois limited liability corporation, JOY'S CLEANING SERVICES LLC, an Illinois limited liability corporation, and ARMANDO CALDERON, individually,** | ) | |
| **Defendants.** | ) | |

**PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT JOY'S CLEANING SERVICES, LLC**

Plaintiffs Chicago & Vicinity Laborers' District Council Pension Fund, Chicago & Vicinity Laborers' District Council Welfare Fund, and Chicago & Vicinity Laborers' District Council Retiree Health and Welfare Fund, and Catherine Wenskus, not individually, but as Administrator of the Funds (collectively the "Funds"), by their attorney Patrick T. Wallace, request that the Defendant Joy's Cleaning Services, LLC (hereinafter, "Joy's Cleaning" or "Defendant") produce for inspection and/or copying by aforementioned counsel for the Plaintiffs, the below listed documents. Production is to be made at 11465 Cermak Rd., Westchester, IL 60154 within the time period as required by the Federal Rules of Civil Procedure, on the thirtieth (30) day after service.

**EXHIBIT A**

## INSTRUCTIONS

This request is intended to cover all documents in possession of, subject to the custody of, available to or retrievable by Defendant, which relate to the above-styled case.

Each request for production of documents is intended to be a continuing request pursuant to Fed. R. Civ. P. 26(e); Plaintiffs demand that Defendant promptly and seasonably amends its answers to these requests if at any later date Defendant obtains custody, control or possession of documents other than those provided in response to this Request for Production of Documents.

Whenever any request for production of documents requests production of a document no longer in the possession, custody or control of Defendant, the answer should state, with respect to each particular document: when the document was most recently in Defendant's possession, custody or control; the disposition made of the document; and the identity, address and telephone number of the person currently in possession, custody or control of such document. If a document has been destroyed, Defendant should state the reason for the destruction, the identity, address and telephone number of the person who destroyed the document and the identity, address and telephone number of the person who directed that the document be destroyed.

All responsive documents which constitute Electronically Stored Information or "ESI" as defined in Fed. R. Civ. P. 34(b) are to be produced in hard copy form in accordance with Fed. R. Civ. P. 34(b).

## DEFINITIONS

1. "Plaintiffs" refers to the Chicago & Vicinity Laborers' District Council Pension Fund, Chicago & Vicinity Laborers' District Council Welfare Fund, and Chicago & Vicinity Laborers' District Council Retiree Health and Welfare Fund, and Catherine Wenskus, not individually, but as Administrator of the Funds (collectively the "Funds"), individually and collectively.

2. "Defendant" refers to Joy's Cleaning Service, LLC., its agents, managers, trustees, directors, officers, employees and attorneys, individually and collectively.

3. "You" or "your" refers to Defendant, its agents, managers, trustees, directors, officers, employees and attorneys, individually or collectively.

4. As used herein, the word "documents" means the original or any copy regardless of location and without limitation, and includes, but is not limited to, any and all papers, writings, letters, books, correspondence, notes, pamphlets, diaries, telegrams, contracts, checks, receipts, notations of any sort, financial records, permits, applications, orders, indices, data sheets, invoices, bills, memoranda, summaries of records of personal conversations, interviews, meetings, conferences, reports of investigations, negotiations, agreements, records, accounts, photographs, drawings, computer records, computer data, charts, films, recordings, state and federal government hearings and reports, graphs, affidavits prepared by Defendant, its attorneys or representatives, or any other writing, however produced or reproduced, or any other recording by film, tape or wire, of every description and including any non-identical copies or preliminary drafts, whether different from the original because of any alterations, notes, comments or other materials contained thereon or attached thereto or otherwise.

5. "Person" shall mean and include a natural person, individual, partnership, firm, corporation, or any kind of business or legal entity, its agents or employees.

6. "Referring or relating to" or "refers or relates to" or "concerning" mean directly or indirectly evidencing, consisting of, reporting on or with respect to, showing or indicating knowledge of, pertaining to, being connected with, mentioning, describing, containing, disclosing, summarizing, reflecting, or constituting a stated subject matter or thing.

7. "Evidencing" or "giving evidence" mean, without limitation, relating to, pertaining to, embodying, mentioning, reflecting, concerning, directly or indirectly, in whole or in part, the subject matter identified in a specific request.

8. "Communication" means any contact between two or more persons whether direct or through the use of telephone, telegraph, recorder or other electronic device, or writing or document of any nature.

9. "Contact" means any communication, association, meeting or interaction, either verbally, written, or direct, whether in the presence of another person or through the use of any method of communication which persons are not in the immediate presence of each other including but not limited to any verbal or non-verbal communication.

10. The singular or masculine form of a noun or pronoun shall embrace the plural, the feminine or the neuter, as the particular context makes appropriate.

11. Documents shall be produced as they are kept in the usual and ordinary course of business, and they shall be organized and labeled to correspond with the categories in this Request. Documents need not be produced in their original file folders unless the folders themselves contain any writing that comes within the scope of a specific request made herein.

12. Whenever it is requested that a party produce particular documents, such request includes the documents in the possession or custody of the party's directors, officers, employees, agents, attorneys, representatives, successors, predecessors, heirs or assigns. This request shall be deemed to include any and all relevant documents in the actual or constructive possession or control of your present or former employees, consultants, accountants, attorneys, other agents, representatives, directors and officers.

13. In producing documents pursuant to this Request, segregate the documents by each individual request so that the submitter of this request can ascertain which documents are produced in response to each individual request.

14. To the extent that any answers, information or production of any document(s) called for by this Request are withheld by reason of the assertion of any privilege, submit in writing the following information:

(a) The subject matter of the answers, information or document;
(b) The date of such document, or the dates involved in the answers or information requested;
(c) The identity of the individual preparing such document, or the identity of the persons or entities involved;
(d) The identity of each recipient or addressee, to whom said document or any copy thereof, was shown, mailed or delivered;
(e) The specific basis of privilege upon which such answers, information or document is withheld.

15. Unless otherwise specified, the period of time covered by this Request is March 16, 2017 forward and is referred to as "the relevant time period."

16. Please take notice that the obligation to produce documents requested by a Request for Production of Documents is intended to be of a continuing nature, so that if at any time after compliance with this request, you come into possession of any document falling within the scope of this Request, you shall furnish such documents within ten (10) days of receipt.

## DOCUMENTS REQUESTED

1. All documents or communications submitted or sent to Defendant by the Plaintiffs or sent from the Defendant to the Plaintiffs or documents memorializing or related to communications between Plaintiffs and Defendant during or regarding matters during the relevant time period.

2. All Collective Bargaining Agreements, Memoranda of Understanding, Memoranda of Joint Working Agreement, Trust Agreements and all other agreements during the relevant time period between the Laborers District Council of Chicago and Vicinity, and any Laborers' affiliated Local Union and Defendant Joy's Cleaning Services, LLC during the relevant time period.

3. All Collective Bargaining Agreements, Participation Agreements, Trust Documents, or any other document evidencing a contractual relationship with and/or obligation of Defendant to any union and union trust funds other than the Plaintiffs to whom Defendant had a contractual relationship or obligation during the relevant time period.

4. All documents and communications including, but not limited to, invoices, contracts, change orders and lien waivers between Defendant and any owner, developer, contractor or subcontractor for which Defendant performed work and/or hired or subcontracted work to during the relevant time period.

5. All payroll records, payroll tax records, payroll system guidelines, certified payrolls, cash disbursement records and any other documents referring to payroll matters on all projects on which Defendant performed work during the relevant time period.

6. All state and Federal tax records of Defendant and/or issued or filed by Defendant during the relevant time period including, but not limited to, all W-2 forms, W-3 forms, 1099 forms, Federal and State Form 941's, all Form UC-3's, and all tax returns.

7. All documents and communications relating to and/or used by the Defendant to determine the amount of benefit contributions owed on behalf of Defendant employees for all projects on which Defendant performed work during the relevant time period.

8. All documents and communications regarding or evidencing benefit contributions made to any union or employee trust fund(s) for all projects on which Defendant performed work during the relevant time period.

9. All bonds maintained by Defendant for all projects on which Defendant performed work during the relevant time period and all documents submitted by Defendant in support of any applications for bonds during the relevant time period.

10. All written job classifications and/or job descriptions for any employees of Defendant during the relevant time period.

11. All documents and communications related to all bank accounts, currency exchanges and/or any other sources used to pay for expenses during the relevant time period including, but not limited to, payroll, material purchases, equipment purchases, payment of subcontractors, and any other cost or expense related to Defendant's business during the relevant time period including, but not limited to, bank statements, canceled checks, deposit slips and wire transfers.

12. All documents and communications related to the payment of benefit contributions to all unions or related trust funds with which Defendant had a collective bargaining agreement or other relationship during the relevant time period, including the Laborers' Union, and including, but not limited to, all correspondence between Defendant and any of its agents, employees, or any other individuals and notes regarding conversations between Defendant and any of its agents, employees, or any other individuals regarding the payment of benefit contributions.

13. All communications between Defendant and its accountants or any other individuals related to the financial operations of Defendant's business during the relevant time

period including, but not limited to, the payment of benefit contributions to all unions affiliated with Defendant Company during the relevant time period.

14. All documents and communications related to all litigation or claims against Defendant regarding the failure to payment benefit contributions, wages, or any other compensation to any employees, unions, trust funds, or other individuals during the relevant time period including, but not limited to, all pleadings, communications between Defendant, its attorneys, its agents, its employees, and any other individual.

15. All bonds posted with the Laborers' Union or Plaintiffs Laborers Fringe Benefit Funds.

16. All bids on projects, all calculations of bids and specifications, all contractors or projects, and all documents reflecting calculations of wages and fringe benefits on such projects, during the relevant time frame.

17. All employee files and all other documents related to the employment by Joy's Cleaning Services, LLC of employees who worked for Defendant during the relevant time frame.

18. All Articles of Incorporation and minutes of meetings of the Board of Directors of Defendant.

19. All documents and communications between Defendant and any subcontractors or employment outsourcing services used by the Company during the relevant time period including, but not limited to, correspondence, invoices, payments or proof of payments and change orders.

20. All project records and reports for all projects on which the Defendant performed work during the relevant time period including, but not limited to, all sign-in sheets, licenses,

safety reports, insurance records and all other records maintained by Joy's Cleaning Service, LLC.

21. All documents pertaining to any GPS or tracking software used to monitor employees and/or company vehicle and equipment use and location and to track employee time including, but not limited to, all electronic, cellphone app, and any other monitoring documentation.

22. All communications to and from representatives of Joy's Cleaning to and from employees or subcontractors of Joy's Cleaning22. All communications to and from representatives of Joy's Union Clean Up Services, LLC to and from employees or subcontractors of Joy's Union Clean Up Services, LLC related to work performed including, but not limited to, discussions pertaining to hours worked, start and stop times, work duties, payment of wages, and all other conditions of employment during the relevant time period.

23. All documents and correspondence related to workers' compensation policies and insurance for the Defendant during the relevant time period.

24. All documentation related to any contracts, transfers of monies and communications between Defendant and Joy's Cleaning Services, during the relevant time period.

Laborers' Pension Fund, et al.

By: [signature]
Patrick T. Wallace

Date: June 5, 2025

Office of Fund Counsel
111 W. Jackson Blvd., Suite 1415
Chicago, IL 60604
(312) 692-1540

## CERTIFICATE OF SERVICE

The undersigned certifies that he caused copies of the foregoing Plaintiffs' First Request for Production of Documents to Defendant Joy's Cleaning Service, LLC to be served upon the following person via email this 5th day of June 2025.

Todd A Miller
20 N Wacker Dr., Suite 3517
Chicago, IL 60606
tam@alloccomiller.com

Patrick T. Wallace

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **CHICAGO & VICINITY LABORERS' DISTRICT COUNCIL PENSION FUND, CHICAGO & VICINITY LABORERS' DISTRICT COUNCIL WELFARE FUND, CHICAGO & VICINITY LABORERS' DISTRICT COUNCIL RETIREE HEALTH AND WELFARE FUND, and CATHERINE WENSKUS, not individually but as Administrator of the Funds,** | ) | |
| **Plaintiffs,** | ) | **Case No. 25-cv-2262** |
| **v.** | ) | **Judge Valderrama** |
| **JOY'S UNION CLEAN UP SERVICES, LLC, an Illinois limited liability corporation, JOY'S CLEANING SERVICES LLC, an Illinois limited liability corporation, and ARMANDO CALDERON, individually,** | ) | |
| **Defendants.** | ) | |

**PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT JOY'S UNION CLEAN UP SERVICES, LLC.**

Plaintiffs Chicago & Vicinity Laborers' District Council Pension Fund, Chicago & Vicinity Laborers' District Council Welfare Fund, and Chicago & Vicinity Laborers' District Council Retiree Health and Welfare Fund, and Catherine Wenskus, not individually, but as Administrator of the Funds (collectively the "Funds"), by their attorney Patrick T. Wallace, request that the Defendant Joy's Union Clean Up Services, LLC (hereinafter, "Joy's Union" or "Defendant") produce for inspection and/or copying by aforementioned counsel for the Plaintiffs, the below listed documents. Production is to be made at 11465 Cermak Rd., Westchester, IL 60154 within the time period as required by the Federal Rules of Civil Procedure, on the thirtieth (30) day after service.

**EXHIBIT B**

## INSTRUCTIONS

This request is intended to cover all documents in possession of, subject to the custody of, available to or retrievable by Defendant, which relate to the above-styled case.

Each request for production of documents is intended to be a continuing request pursuant to Fed. R. Civ. P. 26(e); Plaintiffs demand that Defendant promptly and seasonably amends its answers to these requests if at any later date Defendant obtains custody, control or possession of documents other than those provided in response to this Request for Production of Documents.

Whenever any request for production of documents requests production of a document no longer in the possession, custody or control of Defendant, the answer should state, with respect to each particular document: when the document was most recently in Defendant's possession, custody or control; the disposition made of the document; and the identity, address and telephone number of the person currently in possession, custody or control of such document. If a document has been destroyed, Defendant should state the reason for the destruction, the identity, address and telephone number of the person who destroyed the document and the identity, address and telephone number of the person who directed that the document be destroyed.

All responsive documents which constitute Electronically Stored Information or "ESI" as defined in Fed. R. Civ. P. 34(b) are to be produced in hard copy form in accordance with Fed. R. Civ. P. 34(b).

## DEFINITIONS

1. "Plaintiffs" refers to the Chicago & Vicinity Laborers' District Council Pension Fund, Chicago & Vicinity Laborers' District Council Welfare Fund, and Chicago & Vicinity Laborers' District Council Retiree Health and Welfare Fund, and Catherine Wenskus, not individually, but as Administrator of the Funds (collectively the "Funds"), individually and collectively.

2. "Defendant" refers to Joy's Union Clean Up Services, LLC., its agents, managers, trustees, directors, officers, employees and attorneys, individually and collectively.

3. "You" or "your" refers to Defendant, its agents, managers, trustees, directors, officers, employees and attorneys, individually or collectively.

4. As used herein, the word "documents" means the original or any copy regardless of location and without limitation, and includes, but is not limited to, any and all papers, writings, letters, books, correspondence, notes, pamphlets, diaries, telegrams, contracts, checks, receipts, notations of any sort, financial records, permits, applications, orders, indices, data sheets, invoices, bills, memoranda, summaries of records of personal conversations, interviews, meetings, conferences, reports of investigations, negotiations, agreements, records, accounts, photographs, drawings, computer records, computer data, charts, films, recordings, state and federal government hearings and reports, graphs, affidavits prepared by Defendant, its attorneys or representatives, or any other writing, however produced or reproduced, or any other recording by film, tape or wire, of every description and including any non-identical copies or preliminary drafts, whether different from the original because of any alterations, notes, comments or other materials contained thereon or attached thereto or otherwise.

5. "Person" shall mean and include a natural person, individual, partnership, firm, corporation, or any kind of business or legal entity, its agents or employees.

6. "Referring or relating to" or "refers or relates to" or "concerning" mean directly or indirectly evidencing, consisting of, reporting on or with respect to, showing or indicating knowledge of, pertaining to, being connected with, mentioning, describing, containing, disclosing, summarizing, reflecting, or constituting a stated subject matter or thing.

7. “Evidencing” or “giving evidence” mean, without limitation, relating to, pertaining to, embodying, mentioning, reflecting, concerning, directly or indirectly, in whole or in part, the subject matter identified in a specific request.

8. “Communication” means any contact between two or more persons whether direct or through the use of telephone, telegraph, recorder or other electronic device, or writing or document of any nature.

9. “Contact” means any communication, association, meeting or interaction, either verbally, written, or direct, whether in the presence of another person or through the use of any method of communication which persons are not in the immediate presence of each other including but not limited to any verbal or non-verbal communication.

10. The singular or masculine form of a noun or pronoun shall embrace the plural, the feminine or the neuter, as the particular context makes appropriate.

11. Documents shall be produced as they are kept in the usual and ordinary course of business, and they shall be organized and labeled to correspond with the categories in this Request. Documents need not be produced in their original file folders unless the folders themselves contain any writing that comes within the scope of a specific request made herein.

12. Whenever it is requested that a party produce particular documents, such request includes the documents in the possession or custody of the party’s directors, officers, employees, agents, attorneys, representatives, successors, predecessors, heirs or assigns. This request shall be deemed to include any and all relevant documents in the actual or constructive possession or control of your present or former employees, consultants, accountants, attorneys, other agents, representatives, directors and officers.

13. In producing documents pursuant to this Request, segregate the documents by each individual request so that the submitter of this request can ascertain which documents are produced in response to each individual request.

14. To the extent that any answers, information or production of any document(s) called for by this Request are withheld by reason of the assertion of any privilege, submit in writing the following information:

(a) The subject matter of the answers, information or document;
(b) The date of such document, or the dates involved in the answers or information requested;
(c) The identity of the individual preparing such document, or the identity of the persons or entities involved;
(d) The identity of each recipient or addressee, to whom said document or any copy thereof, was shown, mailed or delivered;
(e) The specific basis of privilege upon which such answers, information or document is withheld.

15. Unless otherwise specified, the period of time covered by this Request is March 16, 2017 forward and is referred to as "the relevant time period."

16. Please take notice that the obligation to produce documents requested by a Request for Production of Documents is intended to be of a continuing nature, so that if at any time after compliance with this request, you come into possession of any document falling within the scope of this Request, you shall furnish such documents within ten (10) days of receipt.

## DOCUMENTS REQUESTED

1. All documents or communications submitted or sent to Defendant by the Plaintiffs or sent from the Defendant to the Plaintiffs or documents memorializing or related to communications between Plaintiffs and Defendant during or regarding matters during the relevant time period.

2. All Collective Bargaining Agreements, Memoranda of Understanding, Memoranda of Joint Working Agreement, Trust Agreements and all other agreements during the relevant time period between the Laborers District Council of Chicago and Vicinity, and any Laborers' affiliated Local Union and Defendant Joy's Union during the relevant time period.

3. All Collective Bargaining Agreements, Participation Agreements, Trust Documents, or any other document evidencing a contractual relationship with and/or obligation of Defendant to any union and union trust funds other than the Plaintiffs to whom Defendant had a contractual relationship or obligation during the relevant time period.

4. All documents and communications including, but not limited to, invoices, contracts, change orders and lien waivers between Defendant and any owner, developer, contractor or subcontractor for which Defendant performed work and/or hired or subcontracted work to during the relevant time period.

5. All payroll records, payroll tax records, payroll system guidelines, certified payrolls, cash disbursement records and any other documents referring to payroll matters on all projects on which Defendant performed work during the relevant time period.

6. All state and Federal tax records of Defendant and/or issued or filed by Defendant during the relevant time period including, but not limited to, all W-2 forms, W-3 forms, 1099 forms, Federal and State Form 941's, all Form UC-3's, and all tax returns.

7. All documents and communications relating to and/or used by the Defendant to determine the amount of benefit contributions owed on behalf of Defendant employees for all projects on which Defendant performed work during the relevant time period.

8. All documents and communications regarding or evidencing benefit contributions made to any union or employee trust fund(s) for all projects on which Defendant performed work during the relevant time period.

9. All bonds maintained by Defendant for all projects on which Defendant performed work during the relevant time period and all documents submitted by Defendant in support of any applications for bonds during the relevant time period.

10. All written job classifications and/or job descriptions for any employees of Defendant during the relevant time period.

11. All documents and communications related to all bank accounts, currency exchanges and/or any other sources used to pay for expenses during the relevant time period including, but not limited to, payroll, material purchases, equipment purchases, payment of subcontractors, and any other cost or expense related to Defendant's business during the relevant time period including, but not limited to, bank statements, canceled checks, deposit slips and wire transfers.

12. All documents and communications related to the payment of benefit contributions to all unions or related trust funds with which Defendant had a collective bargaining agreement or other relationship during the relevant time period, including the Laborers' Union, and including, but not limited to, all correspondence between Defendant and any of its agents, employees, or any other individuals and notes regarding conversations between Defendant and any of its agents, employees, or any other individuals regarding the payment of benefit contributions.

13. All communications between Defendant and its accountants or any other individuals related to the financial operations of Defendant's business during the relevant time

period including, but not limited to, the payment of benefit contributions to all unions affiliated with Defendant Company during the relevant time period.

14. All documents and communications related to all litigation or claims against Defendant regarding the failure to payment benefit contributions, wages, or any other compensation to any employees, unions, trust funds, or other individuals during the relevant time period including, but not limited to, all pleadings, communications between Defendant, its attorneys, its agents, its employees, and any other individual.

15. All bonds posted with the Laborers' Union or Plaintiffs Laborers Fringe Benefit Funds.

16. All bids on projects, all calculations of bids and specifications, all contractors or projects, and all documents reflecting calculations of wages and fringe benefits on such projects, during the relevant time frame.

17. All employee files and all other documents related to the employment by Joy's Union Clean Up Services, LLC of employees who worked for Defendant during the relevant time frame.

18. All Articles of Incorporation and minutes of meetings of the Board of Directors of Defendant.

19. All documents and communications between Defendant and any subcontractors or employment outsourcing services used by the Company during the relevant time period including, but not limited to, correspondence, invoices, payments or proof of payments and change orders.

20. All project records and reports for all projects on which the Defendant performed work during the relevant time period including, but not limited to, all sign-in sheets, licenses,

safety reports, insurance records and all other records maintained by Joy's Union Clean Up Services, LLC.

21. All documents pertaining to any GPS or tracking software used to monitor employees and/or company vehicle and equipment use and location and to track employee time including, but not limited to, all electronic, cellphone applications, and any other monitoring documentation during the relevant time period.

22. All communications to and from representatives of Joy's Union Clean Up Services, LLC to and from employees or subcontractors of Joy's Union Clean Up Services, LLC related to work performed including, but not limited to, discussions pertaining to hours worked, start and stop times, work duties, payment of wages, and all other conditions of employment during the relevant time period.

23. All documents and correspondence related to workers' compensation policies and insurance for the Defendant during the relevant time period.

24. All documentation related to any contracts, transfers of monies and communications between Defendant and Joy's Cleaning Services, LLC during the relevant time period.

Laborers' Pension Fund, et al.

By: [signature]
Patrick T. Wallace

Date: June 5, 2025

Office of Fund Counsel
111 W. Jackson Blvd., Suite 1415
Chicago, IL 60604
(312) 692-1540

**CERTIFICATE OF SERVICE**

The undersigned certifies that he caused copies of the foregoing Plaintiffs' First Request for Production of Documents to Defendant Joy's Union Clean Up Services, LLC to be served upon the following person via email this 5th day of June 2025.

Todd A Miller
20 N Wacker Dr., Suite 3517
Chicago, IL 60606
tam@alloccomiller.com

Patrick T. Wallace

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **CHICAGO & VICINITY LABORERS' DISTRICT COUNCIL PENSION FUND, CHICAGO & VICINITY LABORERS' DISTRICT COUNCIL WELFARE FUND, CHICAGO & VICINITY LABORERS' DISTRICT COUNCIL RETIREE HEALTH AND WELFARE FUND, and CATHERINE WENSKUS, not individually but as Administrator of the Funds,** | ) | |
| **Plaintiffs,** | ) | **Case No. 25-cv-2262** |
| **v.** | ) | **Judge Valderrama** |
| **JOY'S UNION CLEAN UP SERVICES, LLC, an Illinois limited liability corporation, JOY'S CLEANING SERVICES LLC, an Illinois limited liability corporation, and ARMANDO CALDERON, individually,** | ) | |
| **Defendants.** | ) | |

**PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANT JOY'S CLEANING SERVICES, LLC.**

Plaintiffs Chicago & Vicinity Laborers' District Council Pension Fund, Chicago & Vicinity Laborers' District Council Welfare Fund, and Chicago & Vicinity Laborers' District Council Retiree Health and Welfare Fund, and Catherine Wenskus, not individually, but as Administrator of the Funds (collectively the "Funds"), by their attorney Patrick T. Wallace, request that the Defendant Joy's Cleaning Services, LLC. (hereinafter, "Joy's Cleaning") answer the following interrogatories in writing and under oath pursuant to Rule 33 of the Federal Rules of Civil Procedure. The service of such answers shall be upon Plaintiffs' attorney at 11465 Cermak Rd., Westchester, IL 60154 within thirty (30) days after service of these Interrogatories. Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, these Interrogatories are hereby

**EXHIBIT C**

denominated as continuing interrogatories. Defendant is required to serve upon Plaintiffs corrected, supplemented, or augmented answers within thirty (30) days of the discovery of any facts, documents, or other forms of information from any source, which arguably tend to show that Defendant's prior answers are, might be, were, or might have been in any sense incorrect, incomplete, potentially misleading or less than full, responsive, or truthful.

## INSTRUCTIONS

In answering these interrogatories, furnish all information, however obtained, including hearsay that is available to you and information known by or in possession of yourself, your agents and your attorneys, or appearing in your records. If you cannot answer the following interrogatories in full after exercising due diligence to secure the full information to do so, so state and answer to the extent possible, specifying you inability to answer the remainder, stating whatever information or knowledge you have concerning the unanswered portion and detailing what you did in attempting to secure the unknown information. A question that seeks information contained in or information about or identification of any documents may be answered by providing a copy of such document for inspection and copying or by furnishing a copy of such document without a request for production. The person or persons who provide information in answer to the following interrogatories will each identify which answers have been provided and furnish his or her name, address and title. All responsive documents which constitute Electronically Stored Information or "ESI" as defined in Fed. R. Civ. P. 34(b) are to be produced in hard copy form in accordance with Fed. R. Civ. P. 34(b).

## DEFINITIONS

1. "Plaintiffs" refers to the Laborers' Pension Fund and Laborers' Welfare Fund of the Health and Welfare Department of the Construction and General Laborers' District Council

of Chicago and Vicinity, the Chicago Laborers' District Council Retiree Health and Welfare Fund, and Catherine Wenskus, individually and collectively.

2. "Defendant" refers to Joy's Cleaning Services, LLC its agents, managers, trustees, directors, officers, employees and attorneys, individually and collectively.

3. "You" or "your" refers to Defendant, its agents, managers, trustees, directors, officers, employees and attorneys, individually and collectively.

4. As used herein, the word "document(s)" means any written, recorded, or graphic matter, whether produced, reproduced, or stored on papers, cards, tapes, belts, computer devices, or any other medium in your possession, custody or control or known by you to exist; and it includes originals, all copies of originals and all prior drafts.

5. "Person" shall mean and include a natural person, individual, partnership, firm, corporation, or any kind of business or legal entity, its agents or employees.

6. The word "identify" or "identity" when used in reference to a natural person means to state his or her full name, social security number, present business and home addresses, and phone numbers, present employer and position with employer, the relationship, business or otherwise, between such person and the person answering the interrogatory.

7. To the extent that any answers or information called for by these Interrogatories are withheld by reason of the assertion of any privilege, submit in writing the following information:

(a) The subject matter of the answers or information;
(b) The date/s involved in the answers or information requested;
(c) The identity of each individual who would know such answers or information;
(d) The specific basis of privilege upon which such answers or information was withheld.

8. Unless otherwise specified, the period of time covered by these Interrogatories is March 16, 2017 forward and is referred to as "the relevant time period."

## INTERROGATORIES

1. Identify the individual or individuals who participated in responding to these interrogatories.

2. Identify (and produce) all documents used to respond to these interrogatories.

3. Identify all officers, shareholders, members, and directors of Defendant Ruane Construction during the relevant time period.

4. Identify all employees of Defendant, including the periods of their employment including date of hire and date of termination, the job classifications held by said employees, and the employees' job duties during the relevant time period.

5. Identify all individuals or firms who prepare, have prepared, or have knowledge regarding any payroll records, tax records, employment records or policies, or any other financial information for Defendant during the relevant time period.

6. Identify all banks, accounts and other sources used to pay for any wages, goods or services by the Company including, but not limited to, the identity of the bank and the account number for the relevant time period.

7. Identify the location of any books and records maintained by the Defendant or any party at the request of the Defendant, including but not limited to all tax documents, and the individual(s) or firm(s) who has (have) maintained and/or presently maintains any books and records of the Defendant.

8. Identify all projects and/or work performed by Defendant during the relevant time period, and for each project identify:

(a) the location of all work;
(b) the nature of said work;
(c) the duration of each project;
(d) the supervisor or supervisors of the work at each job site;
(e) the employees who worked on the work; and
(f) all job duties of each employee on each project.

9. Identify all hours worked by employees of Defendant and the dates that the hours were worked during the relevant time period.

10. Identify all subcontractors used by Defendant during the relevant time period including the type of work performed, the identity and location of jobs on which the subcontractors performed work and/or rendered services, the individuals who worked for the subcontractor(s) on each job, the address of the subcontractor, and the officer(s) and/or agent(s) of the subcontractor that supervised the work performed on each job.

11. Identify the manner in which all documents used by Defendants in answering these Interrogatories or produced in response to these Interrogatories or the Document Requests simultaneously issued by Plaintiffs were stored or kept to the extent that such documents constitute Electronically Stored Information or "ESI" as defined in Fed. R. Civ. P. 34(b).

Laborers' Pension Fund, et al.

By: ____________________
Patrick T. Wallace

Date: June 5, 2025

Office of Fund Counsel
111 W. Jackson Blvd., Suite 1415
Chicago, IL 60604
(312) 692-1540

**CERTIFICATE OF SERVICE**

The undersigned certifies that he caused copies of the foregoing Plaintiffs' First Set of Interrogatories to Defendant Joy's Cleaning Services, LLC., to be served upon the following person via email this 5th day of June, 2023.

Todd A Miller
20 N Wacker Dr., Suite 3517
Chicago, IL 60606
tam@alloccomiller.com

Patrick T. Wallace

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **CHICAGO & VICINITY LABORERS' DISTRICT COUNCIL PENSION FUND, CHICAGO & VICINITY LABORERS' DISTRICT COUNCIL WELFARE FUND, CHICAGO & VICINITY LABORERS' DISTRICT COUNCIL RETIREE HEALTH AND WELFARE FUND, and CATHERINE WENSKUS, not individually but as Administrator of the Funds,** | ) | |
| **Plaintiffs,** | ) | **Case No. 25-cv-2262** |
| **v.** | ) | **Judge Valderrama** |
| **JOY'S UNION CLEAN UP SERVICES, LLC, an Illinois limited liability corporation, JOY'S CLEANING SERVICES LLC, an Illinois limited liability corporation, and ARMANDO CALDERON, individually,** | ) | |
| **Defendants.** | | |

**PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANT JOY'S UNION CLEAN UP SERVICES, LLC.**

Plaintiffs Chicago & Vicinity Laborers' District Council Pension Fund, Chicago & Vicinity Laborers' District Council Welfare Fund, and Chicago & Vicinity Laborers' District Council Retiree Health and Welfare Fund, and Catherine Wenskus, not individually, but as Administrator of the Funds (collectively the "Funds"), by their attorney Patrick T. Wallace, request that the Defendant Joy's Union Clean Up Services, LLC. (hereinafter, "Joy's Union" or "Defendant") answer the following interrogatories in writing and under oath pursuant to Rule 33 of the Federal Rules of Civil Procedure. The service of such answers shall be upon Plaintiffs' attorney at 11465 Cermak Rd., Westchester, IL 60154 within thirty (30) days after service of these Interrogatories. Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, these

**EXHIBIT D**

Interrogatories are hereby denominated as continuing interrogatories. Defendant is required to serve upon Plaintiffs corrected, supplemented, or augmented answers within thirty (30) days of the discovery of any facts, documents, or other forms of information from any source, which arguably tend to show that Defendant's prior answers are, might be, were, or might have been in any sense incorrect, incomplete, potentially misleading or less than full, responsive, or truthful.

## INSTRUCTIONS

In answering these interrogatories, furnish all information, however obtained, including hearsay that is available to you and information known by or in possession of yourself, your agents and your attorneys, or appearing in your records. If you cannot answer the following interrogatories in full after exercising due diligence to secure the full information to do so, so state and answer to the extent possible, specifying you inability to answer the remainder, stating whatever information or knowledge you have concerning the unanswered portion and detailing what you did in attempting to secure the unknown information. A question that seeks information contained in or information about or identification of any documents may be answered by providing a copy of such document for inspection and copying or by furnishing a copy of such document without a request for production. The person or persons who provide information in answer to the following interrogatories will each identify which answers have been provided and furnish his or her name, address and title. All responsive documents which constitute Electronically Stored Information or "ESI" as defined in Fed. R. Civ. P. 34(b) are to be produced in hard copy form in accordance with Fed. R. Civ. P. 34(b).

## DEFINITIONS

1. "Plaintiffs" refers to the Laborers' Pension Fund and Laborers' Welfare Fund of the Health and Welfare Department of the Construction and General Laborers' District Council

of Chicago and Vicinity, the Chicago Laborers' District Council Retiree Health and Welfare Fund, and Catherine Wenskus, individually and collectively.

2. "Defendant" refers to Joy's Union Clean Up Services, LLC its agents, managers, trustees, directors, officers, employees and attorneys, individually and collectively.

3. "You" or "your" refers to Defendant, its agents, managers, trustees, directors, officers, employees and attorneys, individually and collectively.

4. As used herein, the word "document(s)" means any written, recorded, or graphic matter, whether produced, reproduced, or stored on papers, cards, tapes, belts, computer devices, or any other medium in your possession, custody or control or known by you to exist; and it includes originals, all copies of originals and all prior drafts.

5. "Person" shall mean and include a natural person, individual, partnership, firm, corporation, or any kind of business or legal entity, its agents or employees.

6. The word "identify" or "identity" when used in reference to a natural person means to state his or her full name, social security number, present business and home addresses, and phone numbers, present employer and position with employer, the relationship, business or otherwise, between such person and the person answering the interrogatory.

7. To the extent that any answers or information called for by these Interrogatories are withheld by reason of the assertion of any privilege, submit in writing the following information:

(a) The subject matter of the answers or information;
(b) The date/s involved in the answers or information requested;
(c) The identity of each individual who would know such answers or information;
(d) The specific basis of privilege upon which such answers or information was withheld.

8. Unless otherwise specified, the period of time covered by these Interrogatories is March 16, 2017 forward and is referred to as "the relevant time period."

## INTERROGATORIES

1. Identify the individual or individuals who participated in responding to these interrogatories.

2. Identify (and produce) all documents used to respond to these interrogatories.

3. Identify all officers, shareholders, members, and directors of Defendant Ruane Construction during the relevant time period.

4. Identify all employees of Defendant, including the periods of their employment including date of hire and date of termination, the job classifications held by said employees, and the employees' job duties during the relevant time period.

5. Identify all individuals or firms who prepare, have prepared, or have knowledge regarding any payroll records, tax records, employment records or policies, or any other financial information for Defendant during the relevant time period.

6. Identify all banks, accounts and other sources used to pay for any wages, goods or services by the Company including, but not limited to, the identity of the bank and the account number for the relevant time period.

7. Identify the location of any books and records maintained by the Defendant or any party at the request of the Defendant, including but not limited to all tax documents, and the individual(s) or firm(s) who has (have) maintained and/or presently maintains any books and records of the Defendant.

8. Identify all projects and/or work performed by Defendant during the relevant time period, and for each project identify:

(a) the location of all work;
(b) the nature of said work;
(c) the duration of each project;
(d) the supervisor or supervisors of the work at each job site;
(e) the employees who worked on the work; and
(f) all job duties of each employee on each project.

9. Identify all hours worked by employees of Defendant and the dates that the hours were worked during the relevant time period.

10. Identify all subcontractors used by Defendant during the relevant time period including the type of work performed, the identity and location of jobs on which the subcontractors performed work and/or rendered services, the individuals who worked for the subcontractor(s) on each job, the address of the subcontractor, and the officer(s) and/or agent(s) of the subcontractor that supervised the work performed on each job.

11. Identify the manner in which all documents used by Defendants in answering these Interrogatories or produced in response to these Interrogatories or the Document Requests simultaneously issued by Plaintiffs were stored or kept to the extent that such documents constitute Electronically Stored Information or "ESI" as defined in Fed. R. Civ. P. 34(b).

Laborers' Pension Fund, et al.

By: [signature]
Patrick T. Wallace

Date: June 5, 2025

Office of Fund Counsel
111 W. Jackson Blvd., Suite 1415
Chicago, IL 60604
(312) 692-1540

## CERTIFICATE OF SERVICE

The undersigned certifies that he caused copies of the foregoing Plaintiffs' First Set of Interrogatories to Defendant Joy's Union Clean Up Services, LLC. to be served upon the following person via email this 5th day of June, 2025.

Todd A Miller
20 N Wacker Dr., Suite 3517
Chicago, IL 60606
tam@alloccomiller.com

Patrick T. Wallace