IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | |
|---|---|
| Chicago & Vicinity Laborers' District Council Pension Fund, et al. <br><br> Plaintiffs, <br> v. <br><br> Joy's Union Clean Up Services, LLC, et al. <br><br> Defendants. | Case No. 1:25-cv-2262 <br><br> Judge Franklin U. Valderrama <br><br> Honorable Maria Valdez |

**Defendants' Motion for Leave to File Permissive Counterclaims
Against the Plaintiffs Under Federal Rule of Civil Procedure 13(b) and
To Join the Union as an Additional Third-Party Counter-Defendant Under
Rule 20(a)(2)**

Defendants, Joy's Union Clean Up Services, LLC , Joy's Cleaning Services LLC, and Armando Calderon, by and through their attorneys, Allocco, Miller & Cahill, P.C., and Molho and Associates, LLC respectfully move this Court, pursuant to Federal Rules of Civil Procedure 13, 15, and 20, for leave to file counterclaims against the Plaintiffs and join the Union Laborers' Local Union No. 1 ("Union") as a Third Party Counter-Defendant. In support of this motion, Defendants note the following:

1. Defendants filed their original Answer to Plaintiffs' Complaint on May 21, 2025. (Dckt. 21).

1

2. Since that time, Defendants have identified claims that they possess against Plaintiffs and against the Union that are related to the subject matter of Plaintiffs' Complaint.

3. On September 14, 2025, Defendants filed a Motion for Leave to file Counterclaim and Third-Party Complaint. (Dckt. 32).

4. Defendant's motion was denied without prejudice on January 12, 2026. (Dckt. 45).

5. The Court held:

> The Court is in receipt of Defendants' motion for leave to file counterclaims and a third-party complaint 32 and for a hearing on their motion for leave 43. In their motion, however, Defendants provide little detail as to their counterclaims and notably fail to indicate whether their proposed counterclaims are compulsive or permissive under Fed. R. Civ. P. 13. Accordingly, the Court denies Defendants' motions 32 43 without prejudice and with leave to refile with more detail as to the proposed counterclaims under Rules 13 and 14.

6. A true and correct copy of the pleading containing the counterclaims that Defendants seek leave to file now is attached and incorporated herein at Exhibit A.

## Introduction

Defendants seek to assert permissive counterclaims under Rule 13(b) against Plaintiffs (the "Funds") and join the Union as an additional counter-defendant under Rule 20(a)(2). Defendants' counterclaims arise from an alleged coordinated campaign of economic coercion, defamation, and tortious interference undertaken by the Funds

2

and the Union during 2024-2025 to pressure Defendants over the same underlying labor dispute that forms the basis of Plaintiffs' Complaint.

## Background

### A. Plaintiffs' Underlying Claims.

On March 4, 2025, Plaintiffs filed this action alleging that Defendants failed to pay required employee benefit contributions and union dues for work performed at various construction sites. Plaintiffs assert claims under ERISA and the LMRA and allege that Defendants fraudulently submitted false benefit reports. (Dckt. 1).

The gravamen of Plaintiffs' Complaint is that Defendants operated two separate companies—one union (Joy's Union Clean Up Services, LLC) and one non-union (Joy's Cleaning Services LLC)—and improperly used non-union workers to perform work covered by the collective bargaining agreement, thereby avoiding contribution obligations.

### B. The Coordinated Enforcement Campaign by Plaintiffs.

Defendants allege that beginning in January 2025 and continuing through June 2025, the Funds and Union engaged in a coordinated campaign to economically pressure Defendants. (Exhibit A). This campaign included:

**January 2025:**

Union representatives contacting Painters District Council 14 ("DC 14"), a longstanding client of Joy's Cleaning Services LLC and falsely stating that Defendants "knowingly use illegal immigrants as labor." Defendants allege that

3

The Union circulated written grievances falsely accusing Armando Calderon of sexual harassment and as a result, DC 14 terminated cleaning contracts with Joy's Cleaning Services LLC worth approximately $85,500 annually.

**June 19-23, 2025:**

It is further alleged that John Conrad, President of the Union, telephoned Gustavo Herrera, a Defendants' employee working on the Power Construction project and Conrad urged Herrera to walk off the job because Defendants were "not in good standing"

Herrera quit on June 20, 2025, and never returned and it is alleged that the Funds and/or Union communicated with Power Construction, threatening liens if Power continued to work with Defendants. (Exhibit A). Power Construction terminated the contract on June 23, 2025, while Defendants had completed three of five floors and were owed $31,000.

## Legal Standard

I.    **Rule 15(a)(2) - Leave to Amend**

After the time for amending as of right has passed, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice requires." *Id.*

District courts generally evaluate a motion for leave to amend a complaint under Federal Rule of Civil Procedure 15(a)(2), which provides that courts "should freely give leave when justice requires." *Cage v. Harper*, 42 F.4th 734, 742-43 (7th Cir. 2022).

4

Defendants are aware of no Rule 16 deadline in place with respect to amendment of the pleadings.

## II. Rule 13(b) - Permissive Counterclaims

"A pleading may state as a counterclaim against an opposing party any claim that is not compulsory." Fed. R. Civ. P. 13(b).

A counterclaim is compulsory under Rule 13(a) only if it "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim." Fed. R. Civ. P. 13(a)(1)(A). If the counterclaim does not arise from the same transaction or occurrence, it is permissive under Rule 13(b).

## III. Rule 20(a)(2) - Permissive Joinder of Defendants

Persons may be joined as defendants if:

(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

(B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2). Both requirements must be satisfied. "Rule 20's requirements are broadly construed to promote judicial economy."

5

**Argument**

I. **The Court Should Grant Leave to Amend Under Rule 15(a)(2).**

The Court should grant Defendants leave to amend because there has been no undue delay, bad faith, prejudice against opposing parties, or futility of amendment.

Defendants sought leave to file their initial Counterclaim and Third-Party Complaint on September 15, 2025, approximately six months after Plaintiffs filed suit. Since the underlying lawsuit was filed, the case has moved forward, albeit methodically. The matter was referred to Magistrate Valdez on May 22, 2025 (Dckt. 21) for discovery supervision and settlement conference. The matter is still with Magistrate Valdez, and the parties are working on discovery while having on again, off again settlement discussions, and filing multiple status reports. (Dckts.: 22, 26, 27, 29, 33, 35, 37, 39, 41, & 47). Written discovery is not complete, and oral discovery has not started.

Given this pace, Defendants request leave to assert their counterclaims as they will not delay the litigation, and there has been no bad faith or dilatory motive by the Defendants. Similarly, the Plaintiffs will not be prejudiced if leave is given.

II. **The Court Should Grant Leave for the Defendants to Bring Their Permissive Counterclaims against the Fund in this Action.**

Defendants' proposed counterclaims for tortious interference, defamation, and interference with prospective economic advantage are permissive, not compulsory,

6

because they do not arise from the same transaction or occurrence as Plaintiffs' claims. (Exhibit A).

The subject matter of Plaintiffs' claims is Defendants' alleged failure to pay benefit contributions for employees performing covered work dating back to March 2017, properly report hours and remit dues, maintain required surety bonds, and comply with audit obligations. By contrast, Defendants' counterclaims focus on specific enforcement activities undertaken by the Funds and Union in 2024-2025: the Union's communications with DC 14, false statements about "illegal immigrants," defamatory grievances about sexual harassment, the Union's phone call to employee Gustavo Herrera, communications with Power Construction, threats of liens, and contract terminations. (Exhibit A).

Despite the permissive nature of Defendants' counterclaims Defendants request that their counterclaims be joined to this litigation. All the claims arise out of the parties' relationships with one another over the past two (2) years and the scope of discovery that Defendant's proposed claims will bring to this litigation is circumscribed. Defendants are small business owners without the power or financial wherewithal to engage in a two front legal battle where they are forced to file these meritorious claims in Illinois state court.

### III. The Court Should Grant Leave to Join the Union as a Counter-Defendant Under Rule 20(a)(2).

The Union should be joined as a counter-defendant because both requirements of Rule 20(a)(2) are satisfied: (A) the claims arise from the same series of transactions or occurrences, and (B) common questions of law and fact exist.

*A. The Claims Arise from the Same Series of Transactions or Occurrences*

Defendants assert claims against both the Funds and the Union for their participation in a coordinated enforcement campaign during 2024-2025. The Funds serve as "collection agents for the Union" and are "authorized to collect union dues" (Compl. ¶¶ 7, 18), establishing an agency relationship. Both entities communicated with Defendants' business partners during the same time with the same message—that Defendants were non-compliant signatories to the bargaining agreements who should be punished. The timing and substance demonstrate coordination: January 2025 (Union contacts DC 14, contracts terminated), March 2025 (Funds file lawsuit), June 2025 (Union contacts Power, contract terminated). (Exhibit A). These are part of a coordinated series of enforcement activities forming a "series of transactions or occurrences" under Rule 20.

*B. Common Questions of Law and Fact Exist*

Numerous common questions exist, including: What enforcement activities did the Funds and Union undertake? What was communicated to Power Construction and DC 14? Were the statements about "illegal immigrants" and sexual harassment true or

8

false? What caused the contract termination? What is the nature of the relationship between the Funds and Union?

Numerous common legal questions exist including: What constitutes improper interference under Illinois law? What privileges apply to union enforcement activities? How is fault allocated among joint tortfeasors? Are state tort claims preempted by Section 301 of the LMRA?

### C. Joinder Serves Judicial Economy and Fairness

Joinder of the Union to this matter serves judicial economy through a single trial, consolidated discovery, consistent factual findings, and efficient use of resources. It serves fairness to Defendants by providing complete resolution of all related claims, avoiding potentially inconsistent verdicts, and enabling proof of coordination. No unfair prejudice results to counter-defendants.

WHEREFORE, Defendants respectfully request that this Court grant them leave to file their Counterclaim and Third-Party Complaint, instanter and for any other relief that this Court deems appropriate.

By: */s/Ross I. Molho*

Ross I. Molho
Molho and Associates, LLC
1751 S. Naperville Road, Suite 209
Wheaton, IL  60189
Direct:  630-517-2622
Ross@MolhoLaw.com

Todd A. Miller (tam@alloccomiller.com)
Kathleen M. Cahill (kmc@alloccomiller.com)
Allocco, Miller & Cahill, P.C.
20 N. Wacker Drive, Suite 3517
Chicago, IL 60606
Ph: (312) 675-4325

## Certificate of Service

The undersigned certifies that on February 8, 2026, he caused this Defendants'
Defendants' Motion for Leave to File Permissive Counterclaims
Against the Plaintiffs Under Federal Rule of Civil Procedure 13(b) and
To Join the Union as an Additional Third-Party Counter-Defendant Under Rule 20(a)(2)
to be served via email and via the Clerk of Court, using the CM/ECF system, notification of which will be sent to all counsel of record, including those counsel below.

> Patrick T. Wallace
> Laborers' Pension and Welfare Funds
> Office of Fund Counsel
> 11465 W. Cermak Road
> Westchester, IL  60154
> Patrickw@chilpwf.com

*/s/ Ross I. Molho*
ROSS I. MOLHO