**IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **Chicago & Vicinity Laborers' District Council Pension Fund, et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **Joy's Union Clean Up Services, LLC,** | ) | **Case No. 1:25-cv-2262** |
| **Joy's Cleaning Services, LLC, and** | ) | |
| **Armando Calderon,** | ) | **Judge Franklin U. Valderrama** |
| | ) | |
| **Defendants/Third-Party Plaintiffs,** | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **Laborers' Local Union No. 1,** | ) | |
| | ) | |
| **Third-Party Defendant.** | ) | |

**THIRD-PARTY DEFENDANT UNION'S
MOTION TO DISMISS THIRD-PARTY COMPLAINT**

Laborers' Local Union No. 1 ("Union") was brought into this case as a third-party defendant, subject to the same claims as defendants bring as counter-claims against the original plaintiffs. For the reasons set forth below, all four counts should be dismissed.

1. All four counts of the third-party complaint against the Union all should be dismissed because each fails to state a claim upon which relief can be granted. Fed.R.Civ.Proc. 12(b)(6).

2. Counts I, II, and IV are various forms of tortious interference claims. State law tortious interference claims in the labor law context are preempted by federal law and should be dismissed. *Laborers' Pension Fund v. Murphy Paving & Sealcoating, Inc.,* 450 F. Supp. 3d 815,

1

829 (N.D.Ill. 2020) (Pallmeyer, J.).

3.      Count IV should further be dismissed because it alleges interference with prospective economic advantage, but  "does not plead any specific relationships that were injured." *Lemelson v. Bloomberg LP,* 253 F. Supp. 3d 333, 341 (D.Mass. 2017), aff'd 903 F.3d 19 (1st Cir. 2018)..

4.      Count III is for defamation.  In the labor dispute context, defamation claims must include allegations supporting that the false statements were made with actual malice. *Linn v. United Plant Guard Workers,* 383 U.S. 53 (1966).  It is not enough to plead that a defendant must have spoken with actual malice, because the statement was untrue and defendant therefore must have known that it was lying.  Some facts must be included in the complaint that could make a claim of actual malice plausible enough to survive a motion to dismiss.  Defendants provide nothing more than a bare legal allegation of actual malice.  Count III therefore fails to state a claim and should be dismissed. *Wg/Welch Mech. Contrs., LLC v. Int'l Ass'n of Sheet Metal, Air, Rail & Transp. Workers*, 2025 U.S. App. LEXIS 14627, *4 (4th Dist. 2025), cert. denied 146 S. Ct. 365 (2025), citing *Ashcroft v. Iqbal,* 556 U.S. 662, 686-87 (2009); *Vantassell-Matin v. Nelson,* 741 F. Supp. 698, 706 (N.D.Ill. 1990) (Shadur, J.).

WHEREFORE, the entire third-party complaint against the Union should be dismissed.

Robert E. Bloch (ARDC# 6187400)
Josiah A. Groff (ARDC# 6289628)
DOWD, BLOCH, BENNETT, CERVONE,
       AUERBACH & YOKICH, LLP
8 S. Michigan Ave., 19th Floor
Chicago, IL 60603
(312) 372-1361

Respectfully submitted,

/s/ Josiah A. Groff
Josiah A Groff
Attorney for Third-Party Defendant
Laborers' Local Union No. 1

July 6, 2026

2