**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **Chicago & Vicinity Laborers' et al.** | |
| **Plaintiffs.** | |
| **v.** | **Case No. 25-cv-2262** |
| **Joy's Union Clean Up Services, LLC et al.** | **JUDGE FRANKLIN U. VALDERRAMA** |
| **Defendants.** | |

**PLAINTIFFS/COUNTER-DEFENDANTS' CHICAGO & VICINITY LABORERS'
FUNDS MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS**

NOW COME Plaintiffs and Counter-Defendants, Chicago & Vicinity Laborers' District Council Pension Fund, Chicago & Vicinity Laborers' District Council Welfare Fund, the Chicago Laborers District Council Retiree Health and Welfare Fund, and Catherine Wenskus, not individually, but as Administrator of the Funds, (herein after referred to as the "Funds,"), by their attorney, Patrick T. Wallace, and hereby submit this Memorandum of Law in support of their Motion to Dismiss Defendants' Motion to Dismiss the Counterclaim filed by Defendants (Doc. No. 55).

**Introduction**

Defendants Joy's Union Clean Up Services, LLC (hereinafter "Joy's Union Cleaning"), Joy's Cleaning Services LLC (hereinafter "Joy's Cleaning") and Armando Calderon (hereinafter "Calderon" or collectively with Joy's Union Cleaning and Joy's Cleaning as "Defendants") filed a four-count Counterclaim on March 5, 2026 alleging that the Funds engaged in tortious interference with certain contracts (Counts I, II and IV) and defamation and business disparagement (Count

III).   Defendants have failed to provide sufficient factual detail in all four Counts of their Counterclaim to permit the Court to draw a reasonable inference that the Funds engaged in any of the alleged conduct.  Accordingly, the Counterclaim should be dismissed in its entirety pursuant to Fed. R. Civ. P. 12(b)(6) for failing to state any claims upon which relief can be granted.  In addition, all of Defendants' claims are preempted by Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §185.   Therefore, Defendants' Counterclaim must be dismissed in its entirety with prejudice.

## Legal Standard: Fed. R. Civ. P. 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss a claim either because it asserts a legal theory that is not cognizable as a matter of law or because the factual account alleged is implausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 & 570, 127 S. Ct. 1955, 1965 & 1974 (2007). The court must construe the pleading at issue liberally in the pleader's favor, accepting all well-pled allegations as true. *Id.* at 555-56. Although a claim is not required to contain detailed factual allegations, a complaint (or counterclaim) must provide more than just labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009); *Bissessur v. Indiana Univ. Bd. of Trustees*, 581 F.3d 599, 603 (7th Cir. 2009). Further, a pleading must affirmatively suggest an actual entitlement to relief with supporting facts and allegations that push the claim above the level of mere speculation. *Iqbal* at 679; *Twombly* at 555 & 570; *also see Windy City Metal Fabricators & Supply, Inc. v. CIT Technical Financing Services, Inc.*, 536 F.3d 663, 667-68 (7th Cir. 2008). "[O]nly a complaint that states a plausible claim for relief" will survive a motion to dismiss. *Iqbal* at 679.  A claim only has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Laborers' Pension Fund v. Murphy Paving & Sealcoating, Inc.*

2

*("Murphy")*, 450 F. Supp 3d 815, 823 (N.D.Ill. 2020) (Pallmeyer, J.) (quoting *Iqbal*, 556 U.S. at 678).

## Legal Standard: Preemption

Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a), governing suits by and against labor organizations, preempts state law claims if resolution of the claim requires interpretation of a collective bargaining agreement. *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 413 (1988); see also *Healy v. Metro. Pier & Exposition Auth.*, 804 F.3d at 841-842; *Filippo v. N. Ind. Pub. Serv. Corp.*, 141 F.3d 744, 746 (7th Cir. 1998); and *Barrows v. Teamsters Joint Local 69*, 2012 U.S. Dist. LEXIS 125779, at *17 (S.D. Ind. 2012). A state law claim requires the interpretation of a collective bargaining agreement when an element of the claim requires a court to interpret <u>any</u> term of a collective-bargaining agreement. *Lingle*, 486 U.S. at 407; *Healy v. Metro. Pier & Exposition Auth.*, 804 F.3d at 837.

## ARGUMENT

### A. Defendants' Counterclaim Against the Funds Fails to Allege Facts Sufficient to Maintain a Cause of Action for Tortious Interference or Defamation and Should be Dismissed

To plead tortious interference, Defendants must assert in part that each party made statements that unjustifiably induced a party to breach the contract. As it relates to Defendants' Counterclaim, Defendants must assert that they paid all proper wages and benefit contributions on all projects. This assertion is contained nowhere in the Counterclaim. The closest Defendants come is asserting that they used union employees (not even exclusively or properly paid) on the Power job (Counterclaim Paragraph 20), not that they had properly paid all benefits and all wages on all jobs. Apart from this fatal pleading deficiency, Defendants are required to assert that each

party alleged of tortious interference unjustifiably made misrepresentations to the other contracting party. Defendants fail to allege with any specificity precisely what conduct the Funds engaged in to constitute tortious interference or defamation. In Count 1, Defendants allege specific conduct of Union officials but make no specific factual allegations as to the Funds. Rather, Defendants make the conclusory statement that "the Funds conspired with the Union to put economic pressure upon all Defendants. . ." Counterclaim, Paragraph 13. Defendants also conclude *upon information and belief* and without any specific factual allegation that the Funds "communicated" and "falsely represented" that the Company was delinquent. Counterclaim Paragraphs 16 and 17. In Count II, Defendants once again make the same conclusory statement that the Funds "communicated" and "falsely represented" that the Company was delinquent to Painters' District Council 14 ("DC 14") without any assertion of specific conduct on the part of the Funds. Those same conclusory statements are relied on to allege liability to the Funds in Count III and IV where Defendants allege defamation and disparagement and tortious interference with prospective economic advantage related to DC 14. There is no identifiable assertion that the Funds or any agent of the Funds was involved in any of these communications. Rather, the only factual allegations pertain to alleged agents of Laborers' Local Union No. 1 ("Local 1").

In *Murphy*, Judge Pallmeyer dismissed a counterclaim brought against the Funds on similar facts. There, the court found that the Defendant had failed to allege any involvement of the Funds in the Counterclaim and had failed to establish that the District Council and the Funds were so "inextricably linked" that the Funds may properly be held liable for the alleged conduct of the Union. *Murphy*, 450 F. Supp. 3d 815, 824-25. Similarly, Defendants here have alleged conduct solely related to the actions of agents of Local 1. There are no discernable factual allegations of conduct by the Funds contained in the Counterclaim apart from unsubstantiated and conclusory

4

assertions *upon information and belief* that the Funds conspired with the Local. Those unsupported and conclusory allegations are insufficient to sustain Defendants' pleading obligations and the Counterclaim should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

B. **Defendants' Counterclaim is preempted by the LMRA.**

In addition to failing to plead sufficient facts against the Funds, the claims brought in Defendants' Counterclaim are preempted by the FLMA and should be dismissed with prejudice. Section 301 of the LMRA grants federal courts jurisdiction over "[s]uits for violations of contracts between an employer and a labor organization representing employees in an industry affecting commerce." 29 U.S.C. § 185(a). This section governs claims that are "founded directly on rights created by collective-bargaining agreements, and also claims 'substantially dependent on analysis of a collective bargaining agreement.'" *Murphy,* 450 F. Supp. 3d 815, 825 (citing *Caterpillar Inc. v. Williams,* 482 U.S. 386, 394, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987)). This grant of federal jurisdiction has the effect of preempting state-law torts that "'do not exist independently of private agreements,' and that 'purport to define the meaning of the contract relationship.'" *Id.* (citing *Healy v. Metro Pier and Exposition Auth.,* 804 F.3d 836, 841 (7th Cir. 2015)(quoting *Allis-Chalmers Corp. v. Lueck,* 471 U.S. 202, 213, 105 S. Ct. 1904, 85 L. Ed. 2d 206 (1985))). A state law claim is preempted "when it is 'inextricably intertwined with consideration of the terms of the labor contract.'" *Id.*, (citing *Crosby v. Cooper B-Line, Inc.,* 725 F.3d 795, 800 (7th Cir 2013)(quoting *Lueck*, 471 U.S. at 213)).

In Count I, Defendants allege that the counterclaimants induced a breach of the agreement between Power and Joy's Union. In Counts II and IV, Defendants allege tortious interference with DC 14 based in part of the publication of Grievances filed under

the collective bargaining agreement. To prove tortious interference in Illinois, Defendants must allege (1) the existence of a valid and enforceable contract between the plaintiff and another; (2) the defendant's awareness of this contractual relation; (3) the defendant's intentional and unjustified breach of the contract; (4) a subsequent breach by the other, caused by the defendant's wrongful conduct; and (5) damages. *Healy,* 804 F.3d at 842 (quoting *HPI Health Care Servs., Inc. v. Mt. Vernon Hosp., Inc.*, 131 Ill. 2d 145, 154-55, 545 N.E. 2d 672, 676, 137 Ill. Dec. 19 (Ill. 1989)). Inducement of a breach is "unjustified" when the defendant has made false statements that cause the plaintiff to lose customers. Thus, to prove their claims under Counts I, II and IV, Defendants must assert and establish that they have complied with the terms of their collective bargaining agreement with the Union.

In Count III, of Defendants' Counterclaim, Defendants assert a cause of defamation based in part on the publication of Grievances filed under the CBA. See Defendants' Counterclaim, Paragraph 35. To establish defamation, Defendants must prove that the Funds maliciously published a false statement with knowledge that it was false or with reckless disregard of whether it was false. See *Chi. Dist. Council of Carpenters Pension Fund v. Reinke Insulation Co.,* 464 F.3d 651, 655 (7th Cir. 2006). Once again, the Counterclaim fails to identify any statement made by the Funds or an agent of the Funds that would be subject of the alleged defamation. Beyond that, a determination of whether the statement was false or published with a reckless disregard to whether it was false centers on adjudication of the Grievance and an interpretation of the CBA.

Because all the allegations of Defendants' Counterclaim require the Court to interpret whether Defendants complied with obligations under the CBA, all the claims

brought by Defendants are preempted by the LMRA. In *Murphy*, Judge Pallmeyer dismissed similar claims of tortious interference brought by the company in its counterclaims. Murphy had alleged tortious interference based on alleged statements related to the company's non-compliance with its wage and benefit contribution compliance. Because the claims naturally required interpretation of the collective bargaining agreement, the court held that the claims were preempted and dismissed the counterclaims. *Murphy*, 450 F. Supp 3d 815, 825-29. Similarly, the harassment Grievance on which Counts III and IV are based requires that the Joint Grievance Committee review and determine if the CBA has been violated. Although a determination failing to uphold the Grievance would not necessarily establish malice *per se*, a determination upholding the Grievance would certainly extinguish Defendants' claim. Either way, an interpretation of the CBA is required and, therefore, the claim is preempted by the LMRA and should be dismissed with prejudice.

### Conclusion

For the reasons stated herein, the Funds respectfully request that Defendants' Counterclaim be dismissed with prejudice.

Respectfully submitted,

July 6, 2026                              Chicago & Vicinity Laborers' District Council
                                         Pension and Welfare Funds,

                                         By: /s/ *Patrick T. Wallace*

Patrick T. Wallace
Laborers' Pension and Welfare Funds
Office of Fund Counsel
11465 Cermak Road
Westchester, IL 60154
(708) 562-0200 ext. 351

7

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing PLAINTIFFS/COUNTER-DEFENDANTS' CHICAGO & VICINITY LABORERS' FUNDS MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS to be served upon the following via the Courts electronic filing system this 6th day of July, 2026.

Todd Miller
Allocco Miller & Cahill, P.C.
20 N. Wacker Drive, Suite 3517
Chicago, IL 60606

Ross I Molho
Molho and Associates, LLC
1751 S Naperville, Suite 209
Wheaton, IL 60189


Robert E. Bloch
Joshia Groff
DOWD, BLOCH, BENNETT, CERVONE, AUERBACH & YOKICH, LLP
8 S. Michigan Ave., 19th Floor
Chicago, IL 60603

/s/Patrick T. Wallace