**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |
|---|---|
| **Chicago & Vicinity Laborers' et al.** **Plaintiffs.** **v.** **Joy's Union Clean Up Services, LLC et al.** **Defendants.** | **Case No. 25-cv-2262** **JUDGE FRANKLIN U. VALDERRAMA** |

## REPLY BRIEF IN SUPPORT OF FUNDS' MOTION TO DISMISS

NOW COME Plaintiffs and Counter-Defendants, Chicago & Vicinity Laborers' District Council Pension Fund, Chicago & Vicinity Laborers' District Council Welfare Fund, the Chicago Laborers District Council Retiree Health and Welfare Fund, and Catherine Wenskus, not individually, but as Administrator of the Funds, (herein after referred to as the "Funds,"), by their attorney, Patrick T. Wallace, and hereby submit this Reply Brief in Support of the Funds' Motion to Dismiss the Counterclaim filed by Defendants (Doc. No. 55). In response to the Funds' Motion to Dismiss, the Counterclaimants attempt to restyle their Counts alleging tortious interference and defamation as alleging civil conspiracies although none of the Counts expressly allege conspiracy. Even if the Court could accept this *post hoc* attempt to redefine their allegations, the Complaint still fails to meet the bare minimum allegations to survive the Funds' Motion to Dismiss. Counterclaimants also argue that the Counts are not preempted by the FMLA by misplacing reliance on the Supreme Court's decisions in *Lingle v. Norge Div. of Magic Chef, Inc.,* 486 U.S. 399, 108 S. Ct. 1877 (1988) and *Livadas v. Bradshaw*, 512 U.S. 107, 114 S. Ct. 2068 (1994). Unlike *Lingle* and *Livadas* which involved state court causes of action that did not require

interpretation of the collective bargaining agreement, all four of Counterclaimants' causes of action require determining whether the collective bargaining agreement has been violated and, therefore, are preempted. Accordingly, the Funds' Motion to Dismiss should be granted.

### A. Defendants' Counterclaim Against the Funds Fails to Allege Facts Sufficient to Maintain a Cause of Action for Tortious Interference or Defamation and Should be Dismissed

In their Response to Plaintiffs' Motion to Dismiss, Counterclaimants repaint their claims as allegations of civil conspiracy even though none of the Counts expressly allege conspiracy. Counterclaimants cannot rely on arguments made in briefs separate from the complaint to survive a motion to dismiss. *See Laborers' Pension Fund v. Murphy Paving & Sealcoating, Inc.*, 450 F. Supp. 3d 815, 824 (N.D. Ill. 2020)(*citing Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. V. Walgreen Co.*, 631 F. 3d 436, 448 (7th Cir. 2011)). Counterclaimants have alleged tortious interference and defamation. Counterclaimants' efforts to modify the Complaint in response to the Motion to Dismiss should be rejected out of hand.

Even if the Complaint could be fairly read to include an allegation of a civil conspiracy, the Complaint would still not survive. Defendants rely on four paragraphs from the Complaint, Paragraphs 13, 16, 17, and 30, to support the assertion that a civil conspiracy has been alleged. *See Defendants' Response in Opposition To the Funds' Motion to Dismiss ("Response")*, Doc. Entry No, 88, page 4. Three of those Paragraphs, 16, 17 and 30, allege without factual support and "upon information and belief" that the Funds engaged in *conduct*, not a conspiracy, by allegedly communicating or representing information related to Defendants to third parties. Once again, there is no specific allegation of any conduct by the Funds in the Complaint. The only actions or communications alleged in the Counterclaim involve conduct of Union representatives.

The only Paragraph to even mention the word "conspire" is Paragraph 13 where

2

Counterclaimants allege upon information and belief that the "Funds conspired with the Union to put economic pressure upon all of the Defendants, including the Company." Defendants' Counterclaim, Doc. Entry No. 55, p. 4. Civil conspiracy is an intentional tort and requires proof that a defendant "knowingly and voluntarily participates in a common scheme to commit an unlawful act or lawful act in an unlawful manner." *McClure v. Owens Corning Fiberglas Corp.,* 188 Ill. 2d 102, 133-34, 720 N. E. 2d 242, 258, 241 Ill. Dec. 787, 803 (Ill. 1999)(*quoting Adock v. Brakegate, Ltd.,* 164 Ill. 2d 54, 62-63, 206 Ill. Dec. 636, 645 N. E. 2d 888 (1994). Accidental, inadvertent, or negligent participation in a common scheme does not amount to conspiracy. *Id.,* (*citing Adock,* 164 Ill. Dec. 2d at 64). Mere knowledge of the fraudulent or illegal actions of another is also not enough to show a conspiracy. *Id.,*(*citing Tribune Co. v. Thompson*, 342 Ill. 503, 174 N.E.561 (1930). If a conspiracy is shown by circumstantial evidence, the evidence must be clear and convincing. *Id. (citations omitted).* Mere parallel conduct with nothing more cannot be considered clear and convincing evidence of a conspiracy. *McClure,* 188 Ill 2d at 142.

Counterclaimants assert that the Funds agreed with the Union to apply economic pressure on the Defendants. There is no assertion that the Funds agreed to, condoned or were even aware of any of the alleged conduct of the Union. There is no specific mention of any representative of the Funds made anywhere in the Complaint. Although circumstantial evidence as opposed to direct evidence can be asserted to allege a conspiracy, there isn't even one piece of circumstantial evidence alleged in the Counterclaim against the Funds. Instead, the Counterclaimants rest on the unsupported assertion that, upon information and belief, the Funds "agreed" with the Union to assert economic pressure without identifying a specific representative of the Funds allegedly involved in this "agreement." This is simply not enough, even with a generous reading of the pleading requirements. As such, the Counterclaim should be dismissed against the Funds.

3

**B.      Defendants' Counterclaim is preempted by the LMRA.**

All four Counts in the Counterclaim are also preempted by the LMRA.  With regard to Counts I, II and IV, Counterclaimants assert that there is no dispute that requires interpretation under the Collective Bargaining Agreement ("CBA") but, rather, the dispute merely requires an accounting exercise to determine the extent of liability.  See Response, p. 6.  This is simply not the case.  The Funds and the Union contend that the Company failed to properly pay wages and report contributions on behalf of individuals who performed covered work.  The Company disputes that certain individuals performed cover work as defined under the terms of the Agreement.  A simple review of the Company's Answer to Plaintiffs' Complaint shows that the nature of this dispute and the pending grievances is much more than simply an accounting exercise.  See Defendants' Answer, Doc. Entry No. 20, Answers to Paragraphs 13, 20, 34, 36, 40-44, 50, 53, and 55. Defendants contend that they did not underreport on individuals who performed covered work.  As such, the Joint Grievance Committee will be charged with determining if individuals did perform covered work as defined under the CBA.  The CBA must be referred to and interpreted to resolve the dispute.  Indeed, if the Counterclaimants' contention is that they do not dispute the individuals the Funds and Union assert were performing covered work and that the only issue was an accounting of damages, the Court could convert the Funds' Motion to Dismiss to a Motion for Summary Judgment, grant Summary Judgment in favor of the Funds on all Counts of Plaintiffs' Complaint, enter Judgment in favor of the Funds on all Counts of the Counterclaim since the admission that individuals were unreported would eliminate all tortious interference and defamation claims, and set the matter for a prove up.

The Supreme Court's decisions in *Lingle* and *Livadas* provide no support for Counterclaimants' position.  In *Lingle*, the Court held that a provision in the Illinois Workers'

Compensation Act providing for an individual subject to retaliatory discharge to recover compensatory and punitive damages was not preempted by Section 301 of the LMRA because it did not require an interpretation of the CBA. *Lingle*, 486 U.S. 399, 406-08. The only thing that required determination was whether the employee was the subject of retaliation, a factual determination that did not require an interpretation of the CBA. Similarly, in *Livadas,* the Court found that a California law requiring immediate payment of wages upon an employee's discharge and imposing penalties was not preempted because it only required a calendar and calculation of damages, not an interpretation of the CBA. *Livadas,* 512 U.S. 107, 124-25. Once again, the grievance will require an analysis of whether the individuals in dispute performed covered work as defined under the CBA, not merely an accounting. As such, Counts I, II and IV are preempted and should be dismissed with prejudice. *Laborers' Pension Fund v. Murphy Paving & Sealcoating, Inc.,* 450 F. Supp. 3d 815, 824-29 (N. D. Ill. 2020)(Pallmeyer, J.).

Count III is also preempted by Section 301 of the LMRA. Once again, there is a grievance pending asserting that the employee in question was the subject matter of sexual harassment in violation of the CBA. The Joint Grievance Committee ("JGC") must determine whether the CBA was violated and the employee was the subject of harassment. Thus, although the determination is a "factual" inquiry as Counterclaimants contend, it is a factual inquiry which requires an analysis of whether the CBA was violated. As such, Count III is also preempted.

Accordingly, the Funds respectfully request that the Counterclaim be dismissed in its entirety with prejudice.

August 11, 2026

Respectfully submitted,

Laborers' Pension Fund et al.
/s/ Patrick T. Wallace
Attorney for Plaintiffs

5

Office of Fund Counsel
Laborers' Pension and Welfare Fund
11465 Cermak Road
Westchester, IL  60154

## **CERTIFICATE OF SERVICE**

The undersigned certifies that he caused copies of the foregoing Motion to Dismiss to be served upon the following persons via the Court's electronic notification system on the 11th day of August,  2026.

Todd Miller
Allocco Miller & Cahill, P.C.
20 N. Wacker Drive, Suite 3517
Chicago, IL 60606

Ross I Molho
Molho and Associates, LLC
1751 S Naperville, Suite 209
Wheaton, IL 60189

Robert E. Bloch
Joshia Groff
DOWD, BLOCH, BENNETT, CERVONE, AUERBACH & YOKICH, LLP
8 S. Michigan Ave., 19th Floor
Chicago, IL 60603

/s/ Patrick T. Wallace