**IN THE UNITED STATES DISTRICT COURT FOR**
**THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Chicago & Vicinity Laborers' District Council Pension Fund, et al.,** | ) | |
| **Plaintiffs,** | ) | |
| **v.** | ) | |
| **Joy's Union Clean Up Services, LLC, Joy's Cleaning Services, LLC, and Armando Calderon,** | ) | **Case No. 1:25-cv-2262** |
| | ) | **Judge Franklin U. Valderrama** |
| **Defendants/Third-Party Plaintiffs,** | ) | **Magistrate Judge Maria Valdez** |
| **v.** | ) | |
| **Laborers' Local Union No. 1,** | ) | |
| **Third-Party Defendant.** | ) | |

**THIRD-PARTY DEFENDANT UNION'S**
**MOTION TO COMPEL**

## INTRODUCTION

Defendants/Third-Party Plaintiffs ("Defendants") have completely failed to respond to written discovery that Third-Party Defendant Laborers' Local Union No. 1 (the "Union") issued on August 25 (all dates 2026 except as noted). When Defendants failed to respond within the initial 30 days, the parties met and conferred on September 25. Defendants said they would respond by October 2 and the Union agreed to hold off on court action to see what Defendants would provide. Defendants did not provide anything by October 2, and did not respond when the Union pointed out that Defendants had not complied with the agreement from September 25.

The Union brings this Motion to Compel ("Motion") under Federal Rule of Civil Procedure 37 ("Rule 37"), and in support of the Motion state as follows:

## FACTUAL BACKGROUND

1. The original plaintiffs are benefits funds who sued the Defendants for operating an alter ego system where the Defendants used a non-union company to circumvent the obligation to pay benefits contributions on all hours that employees worked. The Defendants allege in a combined counter-claim and third-party complaint that the original plaintiffs and the Union spoke to other entities about this, interfering with work opportunities the defendants had, and also made harmful false statements about defendants. The Union has filed a motion to dismiss all counts in the third-party complaint (Third-Party Defendant Union's Motion to Dismiss Third-party Complaint [Docket No. 78]).

2. A discovery cut-off of November 13 has been set by this Court's order of July 17 [Docket No. 86].

3. On August 25, the Union served interrogatories and document requests on Defendants (copies attached as Exhibit A and B). To date, Defendants have not responded at all.

4. First, Defendants simply disregarded the 30 days to respond to written discovery. They let the deadline pass by without answering, objecting, asking for more time, or responding to the written discovery in any way.

5. When the Union followed up on Friday, September 25, David Brown for Defendants said that he would work on responses over the weekend and provide them to the Union the next week. The Union confirmed this by email on September 29 (email attached as Exhibit C at 1). Mr. Brown did not object to the written discovery or offer any explanation for

why Defendants had not taken any action within the 30 days.

6. Defendants then ignored their own deadline. The entire next week passed with no substantive responses, nor any request for additional time. On October 2, the Union wrote to Mr. Brown again confirming it would "be moving forward with a motion to compel responses, including seeking attorneys' fees." The Union explained it did not "believe that any further meet-and-confer is required, because [the parties] already conferred, reached an agreement, and [Defendants] did not fulfill the agreement." Nevertheless, the Union offered that if there's anything [Defendants would] like to say, feel free to call." (Ex. C at 1.) Defendants did not call or otherwise attempt to communicate about discovery.

## ARGUMENT

7. Rule 37(a)(3)(B)(iii) & (iv) allow the Court to compel a party to respond to interrogatories and requests for production of documents. The Court should do so here.

8. Defendants first ignored the deadline to respond to written discovery. The parties conferred, and Defendants said they could provide responses on October 2. The parties have conferred and reached agreement. The issue is that Defendants simply didn't comply with the agreement. At this point, there is no date proposed or set by anyone for when Defendants might ever respond to the Union's written discovery. The Court should grant this motion and set a date by which Defendants must respond.

9. Further, the Court should award attorneys' fees. Rule 37(a)(5)(A) states that, when granting a motion to compel responses to interrogatories or document requests, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct

necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees," unless the failure was "substantially justified." Defendants do not have a substantial justification here because they have no justification at all. They just did not respond within the original 30 days, and they did not respond within the extra week they requested and the Union agreed to.

10. The Union has complied with its obligations to confer with Defendants to resolve the dispute over this delay. The Union conferred, listened to Defendants' proposed accommodation (more time to respond), and accepted that accommodation. The issue is not Defendants' need for an accommodation of more time. The issue is that the Union *already* conferred about that accommodation, *already* agreed to that accommodation, and Defendants reneged on what they agreed to.

## CONCLUSION

11. This motion should not be necessary, but sadly appears to be. This lawsuit needs to move forward to judgment. Defendants are simply ignoring their obligation to respond to written discovery. The Court must set a deadline for Defendants to answer discovery or, the Union respectfully submits, it appears they never will.

12. The Magistrate Judge hears civil motions in-person on Tuesdays at 10:00 a.m. The Union's undersigned counsel is unavailable for in-person hearing at that time on Tuesday, October 13. Defendants have four counsel of record (appearances at Docket Nos. 12, 13, 31 and 92), and should be able to have one of their four lawyers attend that day. Counsel is unfortunately unavailable on October 20 or 27, due to scheduled hearings in other cases.

Respectfully submitted,

/s/ Josiah A. Groff
Josiah A Groff
Attorney for Third-Party Defendant
Laborers' Local Union No. 1

Robert E. Bloch (ARDC# 6187400)
Josiah A. Groff (ARDC# 6289628)
DOWD, BLOCH, BENNETT, CERVONE,
AUERBACH & YOKICH, LLP
8 S. Michigan Ave., 19th Floor
Chicago, IL 60603
(312) 372-1361

October 5, 2026

**CERTIFICATION OF COMPLIANCE**

The undersigned hereby certifies pursuant to Federal Rule of Civil Procedure 37(a) and Local Rule 37.2 that he has conferred in good faith with David Brown for Defendants, but these attempts to engage in such consultation were unsuccessful due to no fault of the undersigned, because Defendants reneged on the commitment they made, including as shown in Exhibit C hereto.

Respectfully submitted,

/s/ Josiah A. Groff

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Chicago & Vicinity Laborers' District Council Pension Fund, et al.,** | ) | |
| **Plaintiffs,** | ) | |
| **v.** | ) | |
| **Joy's Union Clean Up Services, LLC, Joy's Cleaning Services, LLC, and Armando Calderon,** | ) | **Case No. 1:25-cv-2262** <br> **Judge Franklin U. Valderrama** |
| **Defendants/Third-Party Plaintiffs** | ) | |
| **v.** | ) | |
| **Laborers' Local Union No. 1,** | ) | |
| **Third-Party Defendant** | ) | |

**THIRD-PARTY DEFENDANT LABORERS' LOCAL UNION NO. 1'S**
**FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS**

Third-party Defendant Laborers' Local Union No. 1 ("Union"), through its attorneys, Dowd, Bloch, Bennett, Cervone, Auerbach & Yokich, LLP, pursuant to Federal Rule of Civil Procedure 33, hereby submits this First Set of Interrogatories to Defendants/Third-Party Plaintiffs, Joy's Union Clean Up Services, LLC, Joy's Cleaning Services, LLC, and Armando Calderon (together, "Defendants"):

**DEFINITIONS AND INSTRUCTIONS**

A. Concerning. The term "concerning" means consisting of, referring to, reflecting, supporting, prepared in connection with, used in preparation for, or being in any way legally, logically, or factually connected with the matter discussed.

B. Document. The terms "document" and "documents" are synonymous with the term "documents or electronically stored information" as used in Federal Rule of Civil Procedure 34(a)(1)(A).

C. Identify (Documents). When referring to documents, to "identify" means to give, to the extent known: (i) the type of document; (ii) the general subject matter of the document; (iii) the date of the document; (iv) the author(s), according to the document; and (v) the person(s)

to whom, according to the document, the document (or a copy) was to have been sent. Alternatively, you may produce the document.

D. Identify (Persons). When referring to persons, to "identify" means to give the person's (i) full name; (ii) present or last known address and telephone number; (iii) present or last known place of employment; (iv) present or last known job title; and (v) relationship, if any, to the plaintiff or defendant. Once a person has been identified in accordance with this subparagraph, only the name of that person needs to be listed in response to subsequent discovery requesting the identification of that person.

E. "You" or "Your" refers to Defendants, or any of them.

F. "Counterclaim" means your Defendants' Counterclaim Against the Funds And Third Party Complaint Against the Union, filed March 5, 2026, and any successive pleading filed by you.

G. The relevant time period applicable to these discovery requests is January 1, 2019 to the present, unless otherwise specified.

H. If a partial or incomplete answer or production is provided, please explain why the answer or production is partial or incomplete.

**PRIVILEGED MATTER**

You must identify each communication or document responsive to one or more of these Interrogatories but withheld from production on the grounds of attorney-client privilege, the work product exemption or on any other basis, and to specify in writing the grounds for non-disclosure. Also, each such communication or document, if in tangible form, shall be numbered, held separately, and retained intact pending a ruling from the Court on the claimed basis for withholding it.

**LOST OR DESTROYED DOCUMENTS**

Please identify any document requested which has been lost, discarded or destroyed and provide date of disposal, loss or destruction, identify person authorizing the disposal, loss or destruction, identify persons having knowledge of the disposal, loss or destruction, and identify person who disposed of, lost or destroyed.

**REQUESTS FOR PRODUCTION**

1. All written communications or other documents concerning whether or not the Union engaged in the acts alleged in Your Counterclaim, including as to employees and representatives of these entities:

   a. Power Construction Company, LLC ("Power");

   b. Painters District Council 14 ("DC 14"); and

   c. any other general contractors, labor organizations, and other customers in the Chicago metropolitan area, as identified in Count IV of your Counterclaim.

2. For the period of January 1, 2024 to the present, all photographs, video recordings, or audio recordings concerning the allegations in Your Counterclaim; Your work for Power; or Your work for DC 14.

3. For the period of January 1, 2024 to the present, all photographs, video recordings, or audio recordings concerning the Union or any of its representatives.

4. All documents showing pay to Your employees, including payroll journals, payroll registers, time records, tax forms (including W-2 and 1099 forms), checks, and other records of payment.

5. All forms I-9 for Your employees and copies of documents provided by Your employees for purposes of completing form I-9.

6. All invoices You sent or received in the course of Your business.

7. All documents showing the prices You charged for cleaning services, or other types of services, for any customer for the period of January 1, 2021 through the present.

8. All contracts to which You are or were a party in the course of Your business, including but not limited to contracts with Power or DC 14.

9. All written communications with Power or DC 14 regarding the work You were to perform for them or regarding the allegations of your Counterclaim.

10. All documents or written communications showing Your expectancy of entering into and continuing valid business relationships with general contractors, labor organizations, and other customers in the Chicago metropolitan area.

11. All written statements concerning the events alleged in Your Complaint from individuals who witnessed those events.

12. All documents concerning the damages you claim in Your Complaint, including in paragraphs 22, 32, 39, and 45 of Your Counterclaim.

13. Cash disbursement journals and general ledgers.

14. Bank statements.

15. Certified payrolls for work of Your employees.

16. Any other payroll records for work of Your employees.

17. For the years 2022, 2023, 2024, and 2025, Federal Tax Returns and all schedules.

18. Financial statements, including balance sheets, profit and loss statements, and cash flow statements.

19. All documents sent or received in this lawsuit, including subpoenas; interrogatories; interrogatory responses; document requests; responses to document requests; documents produced in response to document requests or subpoenas; requests for admission; and responses to requests for admission.

20. All documents sent to or received from the Equal Employment Opportunity Commission or the Illinois Department of Human Rights.

Respectfully submitted,

/s/ Josiah A. Groff
Josiah A Groff
Attorney for Defendant

Robert S. Cervone (ARDC #6273790)
Josiah A. Groff (ARDC# 6289628)
DOWD, BLOCH, BENNETT, CERVONE,
AUERBACH & YOKICH, LLP
8 S. Michigan Ave., 19th Floor
Chicago, IL 60603
(312) 372-1361

August 25 2026

## CERTIFICATE OF SERVICE

I, Josiah A. Groff, an attorney, hereby certify that I will cause to be served a copy of the foregoing **THIRD-PARTY DEFENDANT LABORERS' LOCAL UNION NO. 1'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS** by email to the following on August 25, 2026:

Ross I. Molho
Molho and Associates, LLC
1751 S. Naperville Road, Suite 209
Wheaton, IL 60189
Ross@MolhoLaw.com

Todd Miller
Allocco Miller & Cahill, P.C.
20 N. Wacker Drive, Suite 3517
Chicago, IL 60606
tam@alloccomiller.com

David Marshall Brown
6078 Tower Road
Tallassee, Tennessee 37878
DavidBrownFLL@gmail.com

Patrick T. Wallace
Laborers' Pension and Welfare Funds
Office of Fund Counsel
11465 W. Cermak Road
Westchester, IL 60154
Patrickw@chilpwf.com

/s/ Josiah A. Groff
Josiah A. Groff
Attorney for Defendant

# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **Chicago & Vicinity Laborers' District Council Pension Fund, et al.,** | ) | |
| **Plaintiffs,** | ) | |
| **v.** | ) | |
| **Joy's Union Clean Up Services, LLC, Joy's Cleaning Services, LLC, and Armando Calderon,** | ) | **Case No. 1:25-cv-2262** |
| | ) | **Judge Franklin U. Valderrama** |
| **Defendants/Third-Party Plaintiffs** | ) | |
| **v.** | ) | |
| **Laborers' Local Union No. 1,** | ) | |
| **Third-Party Defendant** | | |

**THIRD-PARTY DEFENDANT LABORERS' LOCAL UNION NO. 1'S
FIRST SET OF INTERROGATORIES TO DEFENDANTS**

Third-party Defendant Laborers' Local Union No. 1 ("Union"), through its attorneys, Dowd, Bloch, Bennett, Cervone, Auerbach & Yokich, LLP, pursuant to Federal Rule of Civil Procedure 33, hereby submits this First Set of Interrogatories to Defendants/Third-Party Plaintiffs, Joy's Union Clean Up Services, LLC, Joy's Cleaning Services, LLC, and Armando Calderon (together, "Defendants"):

**DEFINITIONS AND INSTRUCTIONS**

A. Concerning. The term "concerning" means consisting of, referring to, reflecting, supporting, prepared in connection with, used in preparation for, or being in any way legally, logically, or factually connected with the matter discussed.

B. Document. The terms "document" and "documents" are synonymous with the term "documents or electronically stored information" as used in Federal Rule of Civil Procedure 34(a)(1)(A).

C. Identify (Documents). When referring to documents, to "identify" means to give, to the extent known: (i) the type of document; (ii) the general subject matter of the document; (iii) the date of the document; (iv) the author(s), according to the document; and (v) the person(s)

to whom, according to the document, the document (or a copy) was to have been sent. Alternatively, you may produce the document.

D. Identify (Persons). When referring to persons, to "identify" means to give the person's (i) full name; (ii) present or last known address and telephone number; (iii) present or last known place of employment; (iv) present or last known job title; and (v) relationship, if any, to the plaintiff or defendant. Once a person has been identified in accordance with this subparagraph, only the name of that person needs to be listed in response to subsequent discovery requesting the identification of that person.

E. "You" or "Your" refers to Defendants, or any of them.

F. "Counterclaim" means your Defendants' Counterclaim Against the Funds And Third Party Complaint Against the Union, filed March 5, 2026, and any successive pleading filed by you.

G. The relevant time period applicable to these discovery requests is January 1, 2019 to the present, unless otherwise specified.

H. If a partial or incomplete answer or production is provided, please explain why the answer or production is partial or incomplete.

**PRIVILEGED MATTER**

You must identify each communication or document responsive to one or more of these Interrogatories but withheld from production on the grounds of attorney-client privilege, the work product exemption or on any other basis, and to specify in writing the grounds for non-disclosure. Also, each such communication or document, if in tangible form, shall be numbered, held separately, and retained intact pending a ruling from the Court on the claimed basis for withholding it.

**INTERROGATORIES**

1. State with specificity how the Union engaged in the acts alleged in your Counterclaim, including stating the date, time, location and individuals involved, and including as to employees and representatives of these entities:

a. Power Construction Company, LLC ("Power");

b. Painters District Council 14 ("DC 14"); and

c. any other general contractors, labor organizations, and other customers in the Chicago metropolitan area, as identified in Count IV of your Counterclaim.

2. Identify all of Your employees for the period of January 1, 2024 to the present, and identify any which were involved in the allegations in Your Counterclaim, specifying which employee was involved with which allegation in the Counterclaim.

3. Identify all other persons besides those identified in response to Interrogatory No. 2 who were involved in the allegations in Your Counterclaim, whether or not each such individual is or was Your employee, specifying which individual was involved with which allegation in the Complaint.

4. Provide a list of all shareholders and officers of Joy's Union Clean Up Services, for the period of January 1, 2021 to the present.

5. Provide a list of all shareholders and officers of Joy's Cleaning Services, LLC, for the period of January 1, 2021 to the present.

6. State the prices You charged for cleaning services, or other types of services, for any customer for the period of January 1, 2021 through the present.

7. Provide a computation of each category of damages you claim, including in paragraphs 22, 32, 39, and 45 of Your Counterclaim.

Respectfully submitted,

/s/ Josiah A. Groff
Josiah A Groff
Attorney for Defendant

Robert S. Cervone (ARDC #6273790)
Josiah A. Groff (ARDC# 6289628)
DOWD, BLOCH, BENNETT, CERVONE,
AUERBACH & YOKICH, LLP
8 S. Michigan Ave., 19th Floor
Chicago, IL 60603
(312) 372-1361

August 25, 2026

**CERTIFICATE OF SERVICE**

I, Josiah A. Groff, an attorney, hereby certify that I will cause to be served a copy of the foregoing **THIRD-PARTY DEFENDANT LABORERS' LOCAL UNION NO. 1'S FIRST SET OF INTERROGATORIES TO DEFENDANTS** by email to the following on August 25, 2026:

Ross I. Molho
Molho and Associates, LLC
1751 S. Naperville Road, Suite 209
Wheaton, IL 60189
Ross@MolhoLaw.com

Todd Miller
Allocco Miller & Cahill, P.C.
20 N. Wacker Drive, Suite 3517
Chicago, IL 60606
tam@alloccomiller.com

David Marshall Brown
6078 Tower Road
Tallassee, Tennessee 37878
DavidBrownFLL@gmail.com

Patrick T. Wallace
Laborers' Pension and Welfare Funds
Office of Fund Counsel
11465 W. Cermak Road
Westchester, IL 60154
Patrickw@chilpwf.com

/s/ Josiah A. Groff
Josiah A. Groff
Attorney for Defendant

# EXHIBIT C

D·B·B
C·A&Y

**Josiah Groff <jgroff@laboradvocates.com>**

---

## Letter - Chicago & Vicinity Laborers' District Council Pension Fund, et al., v. Joy's Union Clean Up Services, LLC, et al., 1:25-cv-2262 (N.D.Ill.)

---

**Josiah Groff** <jgroff@laboradvocates.com> Fri, Oct 2, 2026 at 4:05 PM
To: "davidbrownfll@gmail.com" <davidbrownfll@gmail.com>, dbrown <dbrown@sledge-law.com>
Cc: "Todd A. Miller" <tam@alloccomiller.com>, Ross Molho <ross@molholaw.com>, Kathleen Cahill <kmc@alloccomiller.com>

Dear Mr. Brown,

We are now at the end of the week and I've received nothing. I'll be moving forward with a motion to compel responses, including seeking attorneys' fees. I don't believe that any further meet-and-confer is required, because we already conferred, reached an agreement, and you did not fulfill the agreement. However, if there's anything you'd like to say, feel free to call.

Yours truly,

JOSIAH A. GROFF

DOWD, BLOCH, BENNETT, CERVONE, AUERBACH & YOKICH, LLP

8 South Michigan Avenue | 19th Floor | Chicago, IL 60603

Phone 312.372.1361 | Fax 312.372.6599

On Tue, Sep 29, 2026 at 1:20 PM Josiah Groff <jgroff@laboradvocates.com> wrote:

> Dear Mr. Brown:
>
> When we spoke last Friday, you said that you were working on discovery responses over the weekend and would have them to me this week. Please let me know when they will be ready. This matter needs to move forward because of the discovery cut-off. As I told you in our call, I cannot waive any contentions around your clients' failure to respond within the 30 days without seeking an extension. But I will look at what you send and we can go from there.
>
> We also need to schedule Mr. Calderon's deposition. I propose November 6, 9, or 10, in person at my office address below.
>
> Yours truly,
>
> JOSIAH A. GROFF
>
> DOWD, BLOCH, BENNETT, CERVONE, AUERBACH & YOKICH, LLP
>
> 8 South Michigan Avenue | 19th Floor | Chicago, IL 60603
>
> Phone 312.372.1361 | Fax 312.372.6599
>
> On Fri, Sep 25, 2026 at 1:33 PM Ross Molho <ross@molholaw.com> wrote:
>
>> Josiah,
>>
>> I just called you. David Brown is lead on this for the Defendants. Any "meet and confer" or scheduling of Armando's deposition should be routed through him.
>>
>> Regards,

Ross

Ross I. Molho

630-517-2622 - Direct

630-788-6825 – Cell

Ross@MolhoLaw.com

Molho and Associates, LLC
1751 S. Naperville Road, Suite 209, Wheaton, IL 60189
630-517-2622 | Ross@MolhoLaw.com | www.MolhoLaw.com

**CONFIDENTIALITY NOTICE:** This email may contain confidential or privileged information intended only for the recipient. If received in error, please notify the sender and delete it. Unauthorized use or disclosure is prohibited.

---

**From:** Eric Villasenor <evillasenor@laboradvocates.com>
**Sent:** Friday, September 25, 2026 1:25 PM
**To:** Ross Molho <ross@molholaw.com>
**Cc:** davidbrownfll@gmail.com; tam@alloccomiller.com; Josiah Groff <jgroff@laboradvocates.com>
**Subject:** Letter - Chicago & Vicinity Laborers' District Council Pension Fund, et al., v. Joy's Union Clean Up Services, LLC, et al., 1:25-cv-2262 (N.D.Ill.)

This message and attachment(s) are being sent on behalf of Josiah A. Groff. If you have questions or need any additional information, please contact Mr. Groff at the number listed below or email him at jgroff@laboradvocates.com.

Thank you

--

ERIC VILLASEÑOR | OFFICE CLERK

DOWD, BLOCH, BENNETT, CERVONE, AUERBACH & YOKICH

8 South Michigan Avenue | 19th Floor | Chicago, IL 60603

Phone 312.372.1361 | Fax 312.372.6599

This email and any files transmitted with it are confidential and intended solely for the use of the individual or entity to whom they are addressed. If you have received this email in error, please notify Dowd, Bloch, Bennett, Cervone, Auerbach & Yokich LLP (office@laboradvocates.com). Please note that any views or opinions presented in this email are solely those of the author and do not necessarily represent those of Dowd, Bloch, Bennett, Cervone, Auerbach & Yokich LLP. Finally, the recipient should check this email and any attachments for the presence of viruses. Dowd, Bloch, Bennett, Cervone, Auerbach & Yokich LLP accepts no liability for any damage caused by any virus transmitted by this email.