**IN THE UNITED STATES DISTRICT COURT FOR**
**THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Chicago & Vicinity Laborers' District Council Pension Fund, et al.,** | ) | |
| **Plaintiffs,** | ) | |
| **v.** | ) | |
| **Joy's Union Clean Up Services, LLC, Joy's Cleaning Services, LLC, and Armando Calderon,** | ) | **Case No. 1:25-cv-2262** |
| | ) | **Judge Franklin U. Valderrama** |
| **Defendants/Third-Party Plaintiffs,** | ) | **Magistrate Judge Maria Valdez** |
| **v.** | ) | |
| **Laborers' Local Union No. 1,** | ) | |
| **Third-Party Defendant.** | ) | |

**THIRD-PARTY DEFENDANT UNION'S MOTION FOR DISCOVERY SANCTIONS UNDER FEDERAL RULE OF CIVIL PROCEDURE 37(b) AGAINST THIRD-PARTY PLAINTIFFS JOY'S CLEANING SERVICES, LLC, AND ARMANDO CALDERON**

## INTRODUCTION

Defendants/Third-Party Plaintiffs Joy's Cleaning Services, LLC, and Armando Calderon ("Defendants") completely failed to respond to written discovery that Third-Party Defendant Laborers' Local Union No. 1 (the "Union") issued on August 25 (all dates 2026 except as noted). On October 20, the Court ordered them to respond by October 27. The third Defendant/Third-Party Plaintiff, Joy's Union Clean Up Services, LLC ("Joy's Union"), has filed for bankruptcy and Judge Valderrama stayed all proceedings as to that entity on October 14. Thus, Joy's Union is not a part of this motion or included in the term "Defendants" as used here.

Defendants did not obey the Court's October 20 order. Instead, they rely on an adversary proceeding filed by Joy's Union in that entity's bankruptcy, seeking an injunction against the Union's discovery. But Defendants cannot escape their discovery obligations because it is well-established that non-bankrupt co-defendants are not protected by the automatic stay and the bankruptcy court has not issued any injunction against discovery in this case.

## FACTUAL BACKGROUND

1. The original plaintiffs are benefits funds who sued the Defendants for operating an alter ego system where the Defendants used a non-union company to circumvent the obligation to pay benefits contributions on all hours that employees worked. The Defendants allege in a combined counter-claim and third-party complaint that the original plaintiffs and the Union spoke to other entities about this, interfering with work opportunities the defendants had, and also made harmful false statements about defendants. The Union has filed a motion to dismiss all counts in the third-party complaint (Third-Party Defendant Union's Motion to Dismiss Third-party Complaint [Docket No. 78]).

2. On August 25, the Union served interrogatories and document requests on Defendants. To date, Defendants have not responded at all.

3. First, Defendants simply disregarded the 30 days to respond to written discovery. Second, when the Court granted the Union's motion to compel on October 20 (Order [Docket No. 104]), Defendants still did not answer discovery by the Court's October 27 deadline. Indeed, Defendants did not even appear for the motion hearing on October 20. Nor have they paid the $500.00 in attorneys' fees that the Court awarded. (Transcript of the October 20 hearing attached as Exhibit A.)

4. On October 31, Joy's Union filed Debtor's Complaint for Injunctive Relief in its bankruptcy case ("Adversary Complaint," attached as Exhibit B). As best the Union can tell, the Adversary Complaint asks for an order that the bankruptcy court, and not this Court, handle disputes over discovery in this case. The bankruptcy court has not yet ruled on that request and, indeed, the Union has not yet been served with summons for the Adversary Complaint.

5. On November 4, counsel for the Union spoke to counsel for Defendants about this motion for sanctions. The only accommodation counsel for Defendants offered was to stay discovery in this case, pending the bankruptcy case. The Union considers this unacceptable because Defendants are in fact plaintiffs as to the Union and the Union seeks a ruling on the claims brought against it. If Defendants do not wish to litigate those claims, they have the easy option of voluntarily dismissing them. Counsel for the Union confirmed the call in an email, which is attached as Exhibit C.

**ARGUMENT**

6. Rule 37(b)(2) allows the Court to issue "further just orders" where a party "fails to obey an order to provide or permit discovery." The Court should do so here.

7. The Court already ordered the Defendants to answer the Union's written discovery. There is no dispute that they have failed to comply. Their basis for not obeying the Court is legally unsound. Defendants cannot rely on the automatic stay arising from Joy's Union's bankruptcy case because it has long been the law in the Seventh Circuit that the automatic stay does not apply to non-bankrupt co-defendants. *Futch v. Starboard with Cheese, LLC,* 830 F. Supp. 3d 736 (S.D.Ill. 2025), citing *Pitts v. Unarco Indus., Inc.,* 698 F.2d 313, 314-15 (7th Cir. 1983). That includes discovery against non-bankrupt co-defendants. *Groner v.*

*Miller (In re Miller)*, 262 B.R. 499, 504 (9th B.A.P. 2001), citing *In re Mahurkar Double Lumen Hemodialysis Catheter Patent Litig*., 140 B.R. 969 (1992) (bankrupt entity Kendall cannot block discovery against non-bankrupt co-defendant IMPRA) (Easterbrook, J.).

8. Moreover, the automatic stay could not apply to any of the claims involving the Union in this case, because Defendants and Joy's Union are themselves suing the Union. The "automatic stay is inapplicable to suits *by* the bankrupt ('debtor,' as he is now called)." *Martin-Trigona v. Champion Federal Sav. & Loan Asso.,* 892 F.2d 575, 577 (1989) (emphasis in original). The Union here is defending itself against a claim brought by a debtor (and others), and thus the stay does not apply. *Id.*

9. Accordingly, Defendants have no justification for disregarding the Court's October 20 order. If they believe their claims against the Union are too burdensome to handle, they can ask the Court to dismiss them. But if Defendants want to sue the Union, they must obey the Court. Notably, Defendants did not appear on October 20 to ask the Court for any relief or for some particular schedule that would suit them. Instead, they chose to defy the order the Court entered in their absence.

10. The question remains what sanction should be imposed on Defendants. The Union asks that their claims be dismissed and that they be ordered to pay the attorneys' fees incurred in bringing this motion.

11. Federal Rule of Civil Procedure 37(b)(2)(A)(v) allows a court to enter an order "dismissing the action or proceeding in whole or in part" where a party "fails to obey an order to provide or permit discovery." Completely dismissing an action is appropriate where a plaintiff wholly fails to respond to a defendant's discovery, leaving the defendant unable to defend against

the claims. *Cottle v. Falcon Holdings Mgmt., LLC,* 892 F. Supp. 2d 1053, 1058 (N.D.Ind. 2012). Because that is the situation here, the Court should order that Defendants' claims against the Union are dismissed. *Id.*

12. Further, the Court should award the Union its attorneys' fees in filing this motion. Federal Rule of Civil Procedure 37(b)(2)(C) makes an award mandatory absent "substantial justification." Defendants lack substantial justification here, because they did not appear at the October 20 hearing to assert any preference on handling discovery. Nor did they file any motion asking to be excused from the Court's October 27 deadline to answer written discovery. They are now simply defying the Court. The Court should award attorneys' fees in connection with this motion and add that to the $500.00 in fees award on October 20 (Ex. A at 6:18-19).

## CONCLUSION

13. This motion should not be necessary, but sadly appears to be. Defendants are simply ignoring their obligation to respond to written discovery, even after being ordered by the Court to respond. The appropriate sanction is dismissal of their third-party claims against the Union and an order to pay the Union's attorneys' fees in connection with this motion.

14. No relief is sought against Joy's Union Clean Up Services, LLC.

Respectfully submitted,

/s/ Josiah A. Groff
Josiah A Groff
Attorney for Third-Party Defendant
Laborers' Local Union No. 1

Robert E. Bloch (ARDC# 6187400)
Josiah A. Groff (ARDC# 6289628)
DOWD, BLOCH, BENNETT, CERVONE, AUERBACH & YOKICH, LLP
8 S. Michigan Ave., 19th Floor
Chicago, IL 60603
(312) 372-1361

November 5, 2026

## CERTIFICATION OF COMPLIANCE

The undersigned hereby certifies pursuant to Local Rule 37.2 and the Magistrate Judge's Motion Requirements that he has conferred in good faith with David Brown for Defendants, but these attempts to engage in such consultation were unsuccessful due to no fault of the undersigned, as set forth above.

Respectfully submitted,

/s/ Josiah A. Groff