# EXHIBIT A

THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CHICAGO & VICINITY LABORERS' DISTRICT COUNCIL PENSION FUND, et al., ) Case No. 25 C 2262
Plaintiffs, )
vs. )
JOY'S UNION CLEAN UP SERVICES, LLC, an Illinois limited liability corporation, et al. ) Chicago, Illinois
Defendants. )

TRANSCRIPT OF PROCEEDINGS - Motion
BEFORE THE HONORABLE MARIA VALDEZ, MAGISTRATE JUDGE

APPEARANCES:

For the Plaintiffs: CHICAGO & VICINITY LABORERS' HEALTH and WELFARE FUND
BY: MR. PATRICK T. WALLACE
11465 Cermak Road
Westchester, Illinois 60154

For Third-Party Defendants: DOWD, BLOCH, BENNETT, CERVONE, AUERBACH & YOKICH, LLP
BY: MR. MARTIN STAINTHORP
8 S. Michigan Avenue, Suite 1900
Chicago, Illinois 60603

** NOTE: FAILURE TO SPEAK DIRECTLY INTO MICROPHONE RESULTS IN INAUDIBLE PROCEEDINGS AS NOTED **

Court Reporter: PAMELA S. WARREN, CSR, RPR
Official Court Reporter - Retired
23869 N. High Ridge Drive
Lake Zurich, Illinois 60047
312.823.0001
pswcsr@gmail.com

* * * * *

PROCEEDINGS RECORDED BY ELECTRONIC SOUND RECORDING
TRANSCRIPT PRODUCED USING COMPUTER-AIDED TRANSCRIPTION



(Proceedings held in open court:)

THE CLERK: 25 C 2262, Chicago & Vicinity Laborers' District Council Pension Fund, et al. versus Joy's Union Clean Up Services, LLC, et al.

THE COURT: We will be calling the lengthier case at the end.

All right. Good morning. Let's get appearances on behalf of the plaintiff.

MR. WALLACE: Good morning, your Honor. Pat Wallace for plaintiffs laborers' funds.

THE COURT: And we have the defendant.

MR. STAINTHORP: Good morning, your Honor. Martin Stainthorp for the third-party defendant here, Laborers' Local Union No. 1.

THE COURT: And do we have anybody from defendants?

MR. WALLACE: Not that I know of.

THE COURT: Who is subject of these -- both these motions, correct?

MR. WALLACE: That's correct, your Honor.

THE COURT: Whom have you been dealing with? Is it Mr. Brown, the new attorney?

MR. WALLACE: That is correct, your Honor.

THE COURT: All right. And have we -- Kerwin, have you heard from anybody, Mr. Brown, saying he's delayed or anything?



THE CLERK: No, your Honor.

THE COURT: All right. We have a very short call, so we're going to call one case before you. Give them a little bit of time, and then we'll call you back.

MR. WALLACE: Great. Thank you.

MR. STAINTHORP: Thank you.

THE COURT: All right. Thank you.

(Whereupon the Court turned her attention to other matters on her call.)

THE CLERK: 25 C 2262, Chicago & Vicinity Laborers' District Council Pension Fund, et al. versus Joy's Union Clean Up Services, LLC, et al.

THE COURT: All right. So --

MR. WALLACE: Good morning, your Honor.

THE COURT: -- previous counsel who had stated their appearances, once again, are before the Court.

We are now at -- I know I might be a little bit early on -- we're at least at 10:15, which is 15 minutes past the presentment time.

You have not heard from Mr. Brown or any attorney for the defendants; is that correct?

MR. WALLACE: That's correct. The last time I spoke with Mr. Brown was before we filed the status report that your Honor requested last week. He did indicate that he had hoped his clients would produce records responsive to our discovery requests for this appearance. That has not happened, so --



THE COURT: All right. Well, let's deal with third-party defendants's motion to compel the defendants. What is the relief that you're requesting?

MR. STAINTHORP: So we're requesting a date certain by which the defendants would respond to discovery. They at some point had said they would respond today. I don't know if that's going to be happening today due to the fact that they're not here. We'd ask that the Court set a date certain by which those responses will be sent.

We're also looking for an extension of the close of discovery. I think it is currently set for November 13th. So due to the delay in getting these initial discovery responses, we would be looking for an extension of 26 days from whatever the Court set -- sets as the date certain by which the responses are turned in.

And then we're also looking for attorneys's fees pursuant to Rule 37, $500.

THE COURT: Okay.

MR. WALLACE: Your Honor, if I may.

THE COURT: Yes.

MR. WALLACE: There is one complicating situation, which I alerted the Court to in our status report. Joy's Union Clean Up filed a bankruptcy petition. It is our position -- and I discussed this with Mr. Brown -- that to the extent the

counterclaim is pending against us, we are entitled to the discovery. The discovery that we issued was issued before the bankruptcy and before the counterclaim was filed, but it is relevant to the counterclaim as well. And he agreed, at least verbally.

I wanted to represent that agreement in the status report but didn't hear back from him, so I filed my status report unilaterally.

Judge Valderrama has issued a stay as to all things related to Joy's Union Clean Up.

When I spoke with Mr. Brown, he agreed that his counterclaim would still be pending. And I have discussed bringing a joint motion or status report in front of Judge Valderrama so he could clarify his order.

I would ask for the same thing. I would ask that our discovery be responded to. But I am concerned about doing something that violates Judge Valderrama's order.

THE COURT: Why don't we just enter and continue your request until you get some clarification from Judge Valderrama.

MR. WALLACE: I think that's safe.

THE COURT: All right. And as to the third party, I'm going to go ahead and grant your motion. I'll give them seven days to respond. They have waived any objections to the written discovery.

You will have 26 days thereafter, but I -- I am going to put it in the docket that you have 26 days from their response because -- not that I think they're going to violate a court order, but they might. So I'm not going to set it from that seventh day. I'll just say 26 days from receipt of the responses of the close of discovery.



MR. STAINTHORP: And your Honor, I may have misspoken. I'm sorry. I think what we were looking for is 26 days beyond the current cutoff date for discovery --

THE COURT: Okay.

MR. STAINTHORP: -- so --

THE COURT: All right. That was my error, not yours.

MR. STAINTHORP: Oh, okay. Sorry.

THE COURT: I heard you, and I ignored you.

MR. STAINTHORP: So I think if it is October 27th, that would be December 16th, according to my math.

THE COURT: All right. December 16th for the close of discovery.

And $500 in a sanction seems extremely reasonable, and that will also be the order of the Court.

Anything else?

MR. WALLACE: No, your Honor.

MR. STAINTHORP: No.

MR. WALLACE: Do you want to continue our matter to a certain date?

THE COURT: Just enter and continue.



MR. WALLACE: Okay.

THE COURT: You'll advise me what's going on with Judge Valderrama in a status report. You can just submit that at any time.

MR. WALLACE: All right.

THE COURT: Okay? All right. Thank you very much.

MR. WALLACE: Thank you, your Honor.

MR. STAINTHORP: Thank you.

(Concluded at 10:19 A.M.)

CERTIFICATE

I certify that the foregoing is a correct transcript from the digital recording of proceedings in the above-entitled matter to the best of my ability, given the limitation of using a digital-recording system.

*/s/Pamela S. Warren* October 26, 2026
Official Court Reporter - Retired Date
United States District Court
Northern District of Illinois
Eastern Division

# EXHIBIT B

**UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

**In re:**

**JOY'S UNION CLEAN UP SERVICES, LLC,**

**Case No. 26-16979**
**Chapter 11**

**Debtor.**
**_______________________________________/**

**JOY'S UNION CLEAN UP SERVICES, LLC,**
**Plaintiff,**

**v.** **Adversary Proceeding No. ____________**

**CHICAGO & VICINITY LABORERS' DISTRICT COUNCIL PENSION FUND; CHICAGO & VICINITY LABORERS' DISTRICT COUNCIL WELFARE FUND; CHICAGO & VICINITY LABORERS' DISTRICT COUNCIL RETIREE HEALTH AND WELFARE FUND; and CATHERINE WENSKUS, not individually, but as Administrator of the Funds, District Court Plaintiffs; and**

**LABORERS' LOCAL UNION NO. 1,**
**District Court Third-Party Defendant.**
**_______________________________________________/**

## DEBTOR'S COMPLAINT FOR INJUNCTIVE RELIEF

Plaintiff, Joy's Union Clean Up Services, LLC, Debtor and Debtor-in-Possession (the "Debtor" or "Plaintiff"), by and through its undersigned counsel, respectfully files this

Complaint for Injunctive Relief against Defendants Chicago & Vicinity Laborers' District Council Pension Fund, Chicago & Vicinity Laborers' District Council Welfare Fund, Chicago & Vicinity Laborers' District Council Retiree Health and Welfare Fund, Catherine Wenskus, as Administrator of the Funds (collectively, the "Fund Defendants"), and Third-Party Defendant Laborers' Local Union No. 1 (the "Union"), and in support thereof states as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

2. This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A), (G), and (O), as it involves the administration of the estate, requests for injunctive relief to protect estate assets, and modifications of the automatic stay.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1409(a), as the Debtor's underlying Chapter 11 case is pending in the United States Bankruptcy Court for the Northern District of Illinois.

4. This action is brought pursuant to 11 U.S.C. § 105(a), Federal Rule of Bankruptcy Procedure 7001(7), and Federal Rule of Civil Procedure 65.

**PARTIES**

5. Plaintiff Joy's Union Clean Up Services, LLC is an Illinois limited liability company that filed a voluntary petition under Chapter 11 of the Bankruptcy Code on

October 12, 2026 (the "Petition Date"). The Debtor continues to operate its business as a debtor-in-possession.

6. Defendant Chicago & Vicinity Laborers' District Council Pension Fund is an employee benefit fund with a principal place of business in Illinois.

7. Defendant Chicago & Vicinity Laborers' District Council Welfare Fund is an employee benefit fund with a principal place of business in Illinois.

8. Defendant Chicago & Vicinity Laborers' District Council Retiree Health and Welfare Fund is an employee benefit fund with a principal place of business in Illinois.

9. Defendant Catherine Wenskus is the Administrator of the aforementioned Funds and is sued herein not individually, but solely in her official capacity as Administrator.

10. Third-Party Defendant Laborers' Local Union No. 1 is a labor organization representing employees within this judicial district.

## BACKGROUND AND PRE-PETITION LITIGATION

11. Prior to the Petition Date, an action was commenced and remains pending in the United States District Court for the Northern District of Illinois, captioned *Chicago & Vicinity Laborers' District Council Pension Fund et al. v. Joy's Union Clean Up Services, LLC*, Case No. 1:25-cv-02262 (the "District Court Action").

12. Parallel to the District Court Action, the Union initiated a union grievance committee hearing against the Debtor.

13. The grievance mechanism employed by the Union was fundamentally one-sided, denying the Debtor basic procedural due process. Specifically, the moving Union, pursuant to one-sided union oriented grievance procedures and with the cooperation and acts undertaken by the Union Grievance Committee, effectively denied the Debtor opportunity to obtain necessary discovery, barred the presentation of defense testimony, excluded evidence, and denied the Debtor the opportunity to present argument prior to exercising a purported right to issue a binding decision in an action with the amount at issue over $1.6 Million.

14. Faced with an imminent, unconstitutional, and binding determination patently calculated to destroy its ongoing business operations, the Debtor filed its Chapter 11 petition on October 12, 2026, to invoke the protections of the automatic stay under 11 U.S.C. § 362 and preserve the entity as an ongoing business concern.

**GROUNDS FOR INJUNCTIVE RELIEF UNDER SECTION 105(a)**

15. Notwithstanding the filing of the bankruptcy case, the Fund Defendants and the Union have engaged in highly aggressive tactics designed to circumvent the reorganization process.

16. At the earliest stages of this Chapter 11 case, the Fund Defendants and the Union have pursued aggressive, collateral maneuvers in alternative forums. Meanwhile, the Laborers’ Local Union No. 1 has leveled explicit threats of sanctions involving discovery requests before the Magistrate in the District Court action.

17. The severe, predatory nature of these maneuvers constitutes a target-oriented, intentional interference with the reorganization efforts of the Debtor.

18. If the Fund Defendants and the Union are allowed to continue their aggressive actions outside of this Court, the Debtor's management will be entirely distracted from complying with early case deadlines of the Court and the United States Trustee necessary for both entities to get a handle upon this case, estate resources will be unnecessarily depleted, and the possibility of a successful Chapter 11 outcome will be jeopardized.

**COUNT I**

***Preliminary and Permanent Injunction Pursuant to 11 U.S.C. § 105(a)***

19. Plaintiff repeats and realleges paragraphs 1 through 18 as though fully set forth herein.

20. Pursuant to 11 U.S.C. § 105(a), this Court has the equitable power to issue any order, process, or judgment necessary or appropriate to carry out the provisions of the Bankruptcy Code, including extending the automatic stay to non-debtor entities where third-party actions threaten the debtor's reorganization.

21. **Likelihood of Success on the Merits:** There is a strong likelihood that the Debtor will successfully confirm a plan of reorganization if given the breathing room intended by Congress under Chapter 11.

22. **Irreparable Harm:** The Debtor will suffer immediate, irreparable harm if the Fund Defendants and the Union are permitted to press forward with non-bankruptcy

proceedings and threats of sanctions. These actions are clearly designed to distract from efforts within this bankruptcy to protect the Debtor's ongoing viability and estate assets.

23. **Balance of Hardships:** The balance of equities tips heavily in favor of the Debtor. A temporary restraint merely delays the collection efforts of the Defendants, whereas denying an injunction will interfere with and jeopardize the Debtor's reorganization efforts.

24. **Public Interest:** The public interest is strongly served by promoting successful commercial reorganizations and preventing aggressive litigants from disrupting orderly collective-bargaining resolutions within the structures of federal bankruptcy law. Moreover, employees and their families are affected, the continuity of an ongoing enterprise is adversely affected, and the Debtor's principals are unnecessarily distracted from their fiduciary duties to the estate, particularly in the form of compliance issues.

**WHEREFORE**, Plaintiff Joy's Union Clean Up Services, LLC respectfully requests that this Court enter an Order:

a) Entering a preliminary and permanent injunction enjoining the Chicago & Vicinity Laborers' District Council Pension Fund, Chicago & Vicinity Laborers' District Council Welfare Fund, Chicago & Vicinity Laborers' District Council Retiree Health and Welfare Fund, Catherine Wenskus, as Administrator of the Funds, and Third-Party Defendant Laborers' Local Union No. 1 from pursuing, enforcing, or threatening any sanctions, grievances, actions, or collections against the Debtor or its operating interest outside of this Bankruptcy Court;

b) Declaring that any further actions regarding these disputes must be handled exclusively within this Chapter 11 administration; and

c) Granting such other and further relief as this Court deems just and proper.

Respectfully submitted this 31st day of October, 2026,

By: /s/ David Marshall Brown
David Marshall Brown
Florida Bar No. 0995649
Sledge Law, Inc.
633 West 5th Street
Los Angeles, California 90071
Telephone: (310) 708-6441
Email: DBrown@Sledge-Law.com
*Attorneys for Plaintiff*

# EXHIBIT C

D·B·B
C·A&Y

**Josiah Groff <jgroff@laboradvocates.com>**

# Joy's Union Clean Up Services, LLC v. Various Union Funds and Local No. 1

**Josiah Groff** <jgroff@laboradvocates.com> Wed, Nov 4, 2026 at 1:16 PM
To: David Brown <davidbrownfll@gmail.com>
Cc: Patrick Wallace <patrickw@chilpwf.com>

Dear Mr. Brown:

Thank you for your courtesy just now in the meet and confer call. Unfortunately, we were not able to reach agreement. My client's concern is that, at this point, the time for fact discovery will close before my client gets responses from Joy's Cleaning Services, LLC ("JCS") and Armando Calderon to my client's outstanding written discovery. My client wants to address this by filing a motion for sanctions against JCS and Mr. Calderon, based on FRCP 37(b) and the Magistrate Judge's order 10/20/26 order. You proposed alternatively that the Magistrate Judge could stay discovery deadlines, pending resolution of the adversary proceeding you filed. You said that, although JCS and Mr. Calderon do not have the benefit of the automatic stay, you believe it best that one judge rule on how these cases will proceed, and you prefer it to be the bankruptcy judge. My client has considered that alternative approach, but my client prefers the approach of a motion for sanctions before the Magistrate Judge. Since it appears we have fully conferred without agreement, I will proceed with filing the motion for sanctions. You mentioned some limitations on when you are able to appear before the magistrate judge. Her standing order says that parties are not to file notices of motion, but rather that she will set a schedule on motions filed. Thus, we will just have to see what she does.

As for the adversary proceeding itself, my client will defend it in due course, following proper service of summons. I don't have authority from my client to accept summons for it by email.

Yours truly,

JOSIAH A. GROFF

DOWD, BLOCH, BENNETT, CERVONE, AUERBACH & YOKICH, LLP

8 South Michigan Avenue | 19th Floor | Chicago, IL 60603

Phone 312.372.1361 | Fax 312.372.6599

On Sat, Oct 31, 2026 at 6:50 PM David Brown <davidbrownfll@gmail.com> wrote:

> Title a bit abbreviated, but the documents say it all. Josiah, sorry I did not get it out yesterday, there was one answer I needed from our end.
>
> --
> David Marshall Brown, P.A.
> 6078 Tower Road
> Tallassee, Tennessee 37878
> (865) 256-0566
> davidbrownfll@gmail.com
>
> **Please consider the environment before printing this e-mail** (I am an Eagle Scout)
> The Law firm of David Marshall Brown, P.A., concentrates its practice
> on Personal and Business Bankruptcy (Chapters 7, 11, 12, 13 & 15), Bankruptcy Related Litigation, Creditor Representation, Credit Counseling, Credit Restoration, Foreclosure Defense, Real Estate Law and Business & Civil litigation. If for some reason I cannot assist you in any legal matter, I will refer you to a trusted colleague of mine who may be able to help you.
>
> CONFIDENTIALITY NOTICE: The information contained in this transmission may be privileged and confidential, and is intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is

strictly prohibited. If you have received this transmission in error, please immediately reply to the sender that you have received this communication in error and then delete it. Thank you.